## THE MISSOURI PACIFIC RAILWAY COMPANY v. J. C. MERRILL.

1. PETITION, *to be Definite; Error, Not Reversible.* In an action against a railway company to recover damages resulting from fire which was negligently permitted to escape from a passing locomotive and train, the plaintiff should state in his petition as definitely as he can the train from which, and the time when, the fire escaped; but the failure of the court to require such definite statement, where no prejudice results to the defendant, is not reversible error.

2. STATUTE; *Prima Facie Evidence of Negligence; Pleading.* The rule prescribed by chapter 155 of the Laws of 1885, that the occurrence of a fire caused by the operation of a railroad is *prima facie* evidence of negligence on the part of the railroad company, applies to all cases where the fire results from any step in the operation of the road; and the coupling of a charge of negligence in allowing combustible material to accumulate on the roadway, with one that the fire was negligently permitted to escape from a passing locomotive will not take the case outside of the application of the statute.

3. ———— *Valid Statute.* The statute mentioned is not void by reason of the title failing to clearly express the subject-matter of the act, nor because it is partial and unequal in its operation.

*Error from Anderson District Court.*

THE opinion contains a statement of the facts. Judgment for the plaintiff *Merrill*, at the September term, 1886. The defendant *Railway Company* brings the case to this court.

*W. A. Johnson*, for plaintiff in error.

*Kirk, Schoonover & Bowman*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: J. C. Merrill brought this action against the Missouri Pacific Railway Company to recover damages alleged to have been sustained through the negligence of the railway company in permitting fire to escape from its locomotive in the operation of its railroad. He alleged —

"That on the 4th day of December, 1885, the said defendant, while running one of its trains on said road in Anderson county, Kansas, managed its said train carelessly and negligently, and failed to employ suitable means to prevent the escape of fire from the engine used in running said train, and also permitted dead and dry grass and other combustible material to remain on the right-of-way of said defendant, and near the track of the road of said defendant; so that by reason of the said carelessness and negligence, fire escaped from the engine of said company, and set fire to the dry grass and other combustible material on the right-of-way of said company, and by means of a continuous body of dry grass and other combustible material it was communicated to the premises of the said plaintiff."

He then set out in detail the property that was injured and destroyed, being a large number of fruit and other trees, and a large quantity of hay, and placed the entire damage suffered at $697, for which he asked judgment, and also for an additional sum of $50 for an attorney's fee. The railway company denied the charge of negligence, and claimed that Merrill was himself guilty of carelessness which contributed directly

to the injury.   At the September term, 1886, the cause was tried before a jury, which returned a verdict against the railway company, assessing Merrill's damages at $260, and also finding $50 to be a reasonable attorney's fee for the plaintiff in the prosecution of the cause.   This verdict received the approval of the court, and judgment was entered in accordance therewith.

Several errors are assigned upon the rulings of the court during the trial; the first of which is that the court erred in not sustaining a motion of the company to make the petition of the plaintiff more definite and certain by stating what train running on defendant's road caused the injury complained of, whether it was a freight or a passenger train, and whether it was going east or west on the road.   In view of the number of trains which pass back and forth over a railroad, this motion might properly have been allowed.   Merrill was doubtless acquainted with the facts, and could have stated explicitly from what train the fire escaped.   With this information, the company would have been better informed and better prepared to meet the charge made against it.   It could then have investigated what the condition of the locomotive and the conduct of its employés thereon were at that time, and thus have ascertained whether the fire was the result of the company's negligence.   The record discloses, however, that no prejudice resulted to the company from the ruling made.   Some of the servants of the company were present when the fire escaped, and assisted in putting it out, and one of them reported to the company the cause and the extent of the injury.   They had the same information as to which locomotive and train were passing as Merrill had, and therefore the company suffered no inconvenience in this instance from the indefiniteness

1. Petition, to be definite; error not reversible.

of the petition.   As the court is invested with considerable discretion in passing on motions of this kind, and as no prejudice resulted to the company, the ruling of the court cannot be regarded as reversible error.

It is next contended that the court erred in calling the attention of the jury to chapter 155 of the laws of 1885, and

instructing the jury under that statute, that when it is made to appear by the preponderance of the evidence that the fire and resulting damages were caused by the railroad company in operating its road, the negligence of the company may be presumed, unless it further appears from the evidence in the case that the company was not in fact negligent in permitting the fire to escape. This claim is made upon the ground that the plaintiff, by alleging that the company was also negligent in permitting combustible material to accumulate on the road, so broadened his charge as to make the statute inapplicable. The statute prescribes a rule in actions for damages by fire caused by the operation of a railroad, and it is contended that caring for the right-of-way is not within the terms "operating a railroad." The claim is not tenable. The statute applies to all cases where the fire results from the operation of a railroad. It is not even confined to fire escaping from locomotives, but applies to all cases where the damage was caused by fire arising from any step in the operation of the road. The roadway and track of the company are as essential to the operation of the railroad as the locomotives or the other equipment. Even if the proper care of the right-of-way was not included in the terms "operating a railroad," the charge of the court was proper, because the petition clearly states that the fire escaped from an engine running over the road, and that suitable means had not been taken to prevent the escape of the fire from such engine; and this, being the proximate cause of the fire, brings the case within the application of the statute. The additional charge of negligence with respect to caring for the roadway would not take the case outside of the statute; but in our opinion the care and maintenance of the roadway and track is fairly included as a part of the operation of a railroad.

2. Prima facie evidence of negligence; case within statute.

The validity of the statute mentioned is assailed upon several grounds, one of which is that the subject-matter of § 1 is not clearly expressed in the title of the act. The title is, "An act relating to the liability of railroads for damages by fire." The first section of the act simply provides that, when the

fact is established that the fire and resulting damages were caused by the operation of the railroad, it shall be *prima facie* evidence of negligence on the part of the railroad company; and further, that in an action for damages the contributory negligence of the plaintiff shall be considered in determining his right of recovery. The section establishes a rule for fixing the liability of a railroad company for damages by fire, and no argument is required to show that the provisions of the section relate to such liability, or that they are covered by the broad terms of the title quoted. It is contended that the act is void because it is partial and discriminating in imposing on railroad companies a rule of procedure not applicable to others, and making the company liable for an attorney's fee in cases arising thereunder. Statutes making the occurrence of the fire presumptive evidence of negligence on the part of the railroad company are not uncommon, and indeed many of the courts have established this rule without any statutory enactment, on the ground of necessity. (*Brown v. Atlantic &c. Rld. Co.*, 13 Am. and Eng. Rld. Cases, 479, and numerous cases cited in appended note.) Our legislature has placed the application of the rule beyond question by enacting it into a statute. There is no attempt to make railroad companies liable in the absence of negligence; but it simply shifts the burden of proof upon the company when the fire is shown to have been caused by the operation of its road. The necessity of such a rule is very apparent. The locomotives, charged with fire, pass swiftly and frequently over the road, and are wholly within the control of the company, and the owner of property consumed by a fire communicated from such locomotives or trains has little opportunity to learn whether it was a case of accident, or neglect; whether the machinery and appliances were in good condition, and that the servants in charge were at the time exercising due care. These facts may be easily ascertained by the company, and, if there is no want of care, it can without much difficulty rebut the presumption arising from the escape of the fire. The objection

3. Valid statute. that this legislation is special and unequal, cannot be sustained. The dangerous element employed, and the haz-

ards to persons and property arising from the running · of trains and the operation of railroads, justifies such a law; and the fact that all persons and corporations brought under its influence are subjected to the same duties and liabilities, under similar circumstances, disposes of the objections raised. The validity of such legislation has been set at rest by the recent decisions of the supreme court of the United States: *Barbier v. Connolly,* 113 U. S. 27; *Soon Hing v. Crowley,* 113 id. 703; *Mo. Pac. Rly. Co. v. Humes,* 115 id. 512; *Mo. Pac. Rly. Co. v. Mackey,* 127 id. 205; same case, 33 Am. and Eng. Rld. Cases, 390.

The question, what was a reasonable attorney's fee, was properly submitted to the jury. It is true, the statute provides that the court shall allow a reasonable attorney's fee, which shall become a part of the judgment. The word "court," however, was doubtless used by the legislature in the broader sense as including both judge and jury or judge alone, according as the court may be constituted when the trial occurs. What is a reasonable attorney's fee is a question of fact ·which should be submitted and determined the same as any other fact arising in the case.

The charge of the court fairly states the law of the case, and the evidence in the record is sufficient to sustain the verdict; and no error being found, the judgment rendered will be affirmed.

All the Justices concurring.