THE MISSOURI PACIFIC RAILWAY COMPANY v. H. A. CADY.

RIGHT-OF-WAY — *Burning off Grass — Negligence — Damages — Liability.*
Where a railroad company, by its agents and employés, in burning off its right-of-way, negligently allows the fire to escape upon the premises of the adjacent land-owner, where it consumes the property of the latter, the injury thus inflicted falls fairly within the scope of chapter 155, Laws of 1885, as the result of a fire caused by the operation of said railroad.

*Error from Wilson District Court.*

THE case is stated in the opinion.

*W. A. Johnson,* for plaintiff in error.

*J. B. F. Cates, Farrelly & Shinn,* and *S. S. Kirkpatrick,* for defendant in error.

Opinion by STRANG, C.: This action was brought by H. A. Cady against the Missouri Pacific Railway Company, to recover damages alleged to have been sustained through the

negligence of the company in permitting fire to escape from
its right-of-way, while burning dry grass and other combusti-
ble material thereon, and to run and spread over the premises
of the plaintiff.   In his petition, the plaintiff says:

"That the said defendant, its agents and servants, while
operating its said railroad, negligently and carelessly set fire
to the dry grass, weeds, and other combustible material along
its right-of-way aforesaid, and negligently and carelessly per-
mitted the said fire to escape over and upon said farm owned
by plaintiff, where it continued to burn and consume forty
rails worth $4, being the property of said plaintiff on said
farm; that it also burned and consumed fifty-three rods of
hedge fence, one-half of which was owned by the plaintiff,
and of the value of $26.50, and being standing on said land;
that it also consumed one hundred and twenty bushels of corn,
of the value of $42, said corn being upon the said lands and
the property of plaintiff.   That by reason of the negligence
and carelessness of the said defendant as aforesaid, the plain-
tiff has been damaged in the sum of $72.50.

"The plaintiff further alleges that he was compelled to
procure an attorney to bring and prosecute this suit for him,
and that $40 is a reasonable fee for the plaintiff's attorney
for the bringing and prosecuting of this action."

The total amount thus claimed by the plaintiff was $112.50.
The railway company denied the negligence attributed to it,
and claimed that Cady was guilty of negligence which con-
tributed directly to the injury.   The case was tried in the
district court February 21, 1888, by a jury, which returned
a verdict for Cady, assessing his damages at $62.10, and also
finding $25 to be a reasonable attorney's fee for the prosecu-
tion of the case.   Judgment was entered upon the verdict,
followed by a motion for a new trial, which was overruled.

The company assigns a number of errors based upon the
rulings of the trial court.   A careful examination of each
one of the errors assigned, and a comparison of the same with
the questions raised in the case of *Mo. Pac. Rly. Co. v. Merrill*,
40 Kas. 404, shows that each one and all of the errors as-
signed herein were considered by this court in that case, and
decided against the theory of the plaintiff in this case.   It is

true that in the case above cited the fire was alleged to have escaped from the locomotive while in the operation of its railroad, while in this case the allegation is that the railroad company, its agents and servants, while operating its railroad, negligently and carelessly set fire to the dry grass, weeds and other combustible material along and upon its right-of-way, and negligently and carelessly permitted the fire to escape over and upon the farm of the plaintiff, where it continued to burn and did the damage complained of; and it is claimed by the railroad company that the burning-off of the right-of-way of the railroad company is not an act done in connection with the operation of the railroad, and therefore does not fall within the scope of the language of chapter 155 of the Laws of 1885.

Upon this subject Mr. Justice JOHNSTON, delivering the opinion in the case of *Mo. Pac. Rly. Co. v. Merrill*, says:

"The statutes prescribe a rule in actions for damages by fire, caused by the operation of a railroad, and it is contended that caring for the right-of-way is not within the terms 'operating a railroad.' The claim is not tenable. The statute applies to all cases where the fire results from the operation of a railroad. It is not even confined to fire escaping from locomotives, but applies to all cases where the damage was caused by fire arising from any step in the operation of the road. The roadway and track of the company are as essential to the operation of the railroad as the locomotive or other equipment; . . . but in our opinion the care and maintenance of the roadway and track is fairly included as a part of the operation of a railroad."

. The burning of dry grass, weeds, and other combustible material which annually accumulates on the right-of-way, is caring for the roadway and track. It will be seen, therefore, that this question has already been settled by this court, and we believe rightfully and justly settled.

All the other questions raised in this case were ably discussed and fully settled by the court in the case from which we quote, and it is deemed unnecessary to renew the discus-

sion here. It is therefore recommended that this case be affirmed.

By the Court: It is so ordered.

All the Justices concurring.