48  465
58  450

THE MISSOURI PACIFIC RAILWAY COMPANY v. HERMAN HENNING.

1. JUSTICE'S COURT—*Bill of Particulars.* Technical precision is not required in the statement of a cause of action in a bill of particulars in a justice's court. The most liberal construction will be given to it, and a cause of action stated in the most general way will be sustained in order to uphold a judgment inherently right. (*K. P. Rly. Co. v. Taylor*, 17 Kas. 566, cited and followed.)

2. ATTORNEY'S FEES—*Special Finding.* Attorney's fees allowed in an action to recover damages for negligently setting out a fire by the careless operation of a railroad are a part of the judgment in favor of the injured party, and need not be found separately by the jury, except in answering a special interrogatory.

*Error from Nemaha District Court.*

THE material facts are stated in the opinion. Judgment for plaintiff, *Henning*, at the March term, 1889. The defendant *Company* brings the case to this court.

*Waggener, Martin & Orr,* for plaintiff in error.

*R. M. Emery,* for defendant in error.

Opinion by SIMPSON, C.: Henning commenced this action before a justice of the peace in Nemaha county and obtained a judgment. The railway company appealed to the district court, and Henning again obtained a judgment. The case was tried before the justice and the district court on the following bill of particulars:

"Plaintiff alleges that the Missouri Pacific Railway Company, the defendant, is and was at the time hereinafter set out a corporation created by the laws of the state of Kansas, and that on the 29th day of September, 1888, had the management and control of a line of railroad extending through this county of Nemaha, and running said line from the eastern to the western boundary through said county, and that on the 29th day of September, 1888, the said company, while running one of its trains, carelessly and negligently failed to employ suitable means to prevent the escape of fire from the engine that was running the train, and also permitted dead and dry grass and other combustible materials to remain on the right-of-way of the defendant, near the track of its road, so that by reason of its carelessness and negligence, as aforesaid, fire escaped from the engine of the company and set fire to the dry grass and other material on the right-of-way, and by reason of the continuous body of dry grass and other material, and without any fault of the plaintiff, it was communicated to the premises of the plaintiff, whereon he had hay stacked, and then and there burned and destroyed 24 tons of prairie hay belonging to this plaintiff, of the value of $96. Plaintiff further says, that he has had to employ and hire an attorney to prosecute said claim, and that $50 is a reasonable attorney's fee, and that the same is due to the plaintiff from the defendant by reason of the burning of the hay aforesaid. Wherefore, plaintiff prays judgment against the Missouri Pacific Railway Company, a corporation as aforesaid, for the sum of $96 damages, and $50 attorney's fee; in all, the sum of $146."

The jury returned a general verdict for Henning for $134, and made the following special findings:

"1. What was the cause of the fire? Ans. By defendant operating one of its trains over its road.

"2. Did the fire escape by accident? A. No.

"3. Did the fire escape by reason of the negligence of the engineer? A. Yes.

"4. Did the fire escape by reason of the engine being out of order? A. No.

"5. If question No. 3 is answered yes, then state fully in what the negligence consisted. A. In allowing fire to escape or be thrown from engine.

"6. If question No. 4 is answered yes, then state fully in what particular the engine was out of order. A. ———.

"7. Did the engine that is claimed to have set out the fire complained of have at the time suitable and approved appliances for preventing the escape of fire? A. Yes.

"8. Were such appliances at said time in good repair? A. Yes.

"9. If question No. 8 is answered no, then state in what the bad repair consisted? A. ———."

I. The railway company brings the case here for review, and the first error complained of is the ruling of the trial court against the objection of the company to the introduction of any evidence under the bill of particulars, for the reason that it did not state a cause of action in favor of Henning against the railway company. Counsel for the railway company now argue this question in the light thrown upon it by the evidence and special findings of the jury, while to determine the sufficiency of the allegations in the bill of particulars, and hence test the ruling of the court below, it must be considered wholly and entirely with reference to the specific averments of the bill of particulars, for the ruling of the trial court was made before any evidence was produced. If the bill of particulars did state a cause of action against the railway company, the ruling below was right, and is not affected by the claim that some other act of negligence was proven than the one alleged. If such a defect as that exists in this record as it is now presented, it can be disposed of without reference to this particular question. Confining this assignment of error to its proper limits, we have to say that this court has universally refused to be technical in the construction or consideration of pleadings before a justice of the peace,

but to take a liberal view of them and allow some latitude in such matters, because as a rule they are not drafted by professional men, and the beneficial purposes of prompt, speedy and convenient litigation about small matters would be greatly hindered and delayed by their strict construction. We think the bill of particulars states a cause of action against the railway company. It alleges that the company was running one of its trains carelessly and negligently. It alleges that the company failed to employ suitable means to prevent the escape of fire from the engine that was hauling the train; that the company permitted dead and dry grass and other combustible material to remain on the right-of-way and near the track; that by reason of its carelessness and negligence fire escaped from the engine and communicated to the dry grass, etc.

II. · The only evidence introduced to prove the amount of attorney's fees was that of an attorney, who testified that he was acquainted with the value of attorney's fees in this city, in the prosecution of suits. He then was asked what would be a reasonable attorney's fee for the preparation of this case and a trial in the justice's court, afterward an appeal to the district court, and a trial by a jury, where there were three attorneys on the other side. The railway company objected because incompetent, and no proper foundation laid for asking the question. This objection was overruled and excepted to. It is said in support of this objection that the witness was not shown to be an attorney in this case; nor to have known anything about the issues, the amount involved, or the length of time consumed in the trial; nor that he had ever tried a similar case; nor of the extent of the services rendered; and there was nothing to show his qualifications to testify as an expert, except the bare fact that he was an attorney. In view of the fact that this action is one of the most ordinary suits that are brought, and that they are instituted in almost every community in the state, and that every lawyer in practice knows the amount of service that an attorney performs in such a case, and the further fact that the amount allowed as

attorney's fees is very reasonable, we do not think there is much merit or force in these objections.   The witness introduced testifies that he is an attorney, and that he was acquainted with the value of attorney's fees at the place of trial in the prosecution of suits is perhaps enough to qualify him to testify.   His last statement is a very general and sweeping one.   He was not cross-examined as to his qualifications, or want of them, and under the circumstances we think that there was such an affirmative showing of qualifications as to justify the trial court in overruling the objections.

III.   It is next claimed that the general verdict of the jury is against the instructions of the court and the special findings, and instruction No. 10 is confidently relied on to sustain the contention.   It is as follows:

"10.  The bill of particulars alleges that the defendant negligently failed to employ suitable means to prevent the escape of fire from its engine, and also permitted dry grass and combustible material to remain on its right of way, by reason of which acts fire escaped from its engine, and set fire to the property of the plaintiff, causing the damage alleged.   All of these facts must be established by a preponderance of the evidence, or plaintiff cannot recover.   The mere fact that grass was permitted to remain on the track would not of itself authorize a recovery."

It will be seen that this instruction is based upon a strict construction of the bill of particulars, and it may be further stated that the particular act of negligence was not specifically set up in the bill of particulars.   The jury do find, however, in answer to special interrogatories, that the fire that did the injury escaped by reason of the negligence of the engineer in allowing it to escape or be thrown from the engine.   Now the bill of particulars does charge that the fire was set " while running one of its trains carelessly and negligently, and failed to employ suitable means to prevent the escape of the fire from the engine."   This means, in the light of the evidence, that the engineer was careless and negligent; that while the engine was in good order, and had suitable and approved appliances for preventing the escape of the fire, still the negli-

gence of the engineer permitted it to escape.   We construe the instruction to mean that, as to the particular acts of negligence stated therein, they must be proved or no recovery can be had.   It is undeniable that the bill of particulars did not charge in specific terms that the fire escaped by the negligence of the engineer, and as a matter of technical construction there may be a variance between the special findings and the averments of the bill, but, as we have said, we will not in this class of pleadings rule strictly, and we find no prejudicial error arising out of the operation of this instruction.

IV.  The attorney's fees are made a part of the judgment by the plain words of the statute, and they are payable to the plaintiff, and not to the attorneys.   They can protect themselves if required by a statutory lien.

V.  The claim that the law is unconstitutional, by taking away the defense of contributory negligence, is fully met by the case of *Mo. Pac. Rly. Co. v. Merrill*, 40 Kas. 404.

We are satisfied that substantial justice has been done, and recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.