[No. 1213, February 25th, 1908.]

PELAR SHERMAN et al., Appellees, v. DARIUS HICKS, Appellant.

### SYLLABUS (BY THE COURT).

1. The findings and verdict of a jury will not be disturbed when there is evidence tending to support them.

2. The Trial Court did not err in refusing to instruct the jury for a peremptory verdict for defendant, under the facts in the case.

3. It is not error to overrule a motion to make more definite and certain, where the matters sought to be made more specific are within the knowledge of the movant.

Appeal from the District Court for Chaves County before WILLIAM H. POPE, Associate Justice. Affirmed.

K. K. SCOTT and W. A. DUNN for Appellant.

Where there is no sufficient evidence of a fact essential to the plaintiff's case, a verdict should be directed for defendant. 6 Enc. P. & P. 686; Gildersleeve v. Atkinson, N. M., 27 Pac. Rep. 477; Lutz v. Atlantic, etc., R. Co., N. M., 30 Pac. 912.

Delivery is the essence of bailment. Stephen's Com., bk. 28, pt. 2, c. 5, p. 80; Schouler's Bailments and Carriers, 2 ed., secs. 2, 71; Jones on Bailments 1, 117; 2 Bl. Com. 451; 2 Kent Com. 558; Sherman v. Commercial

Printing Co., 29 Mo. App. 31; Trunick v. Smith, 63 Pa. St. 18; Black's Law Dictionary 728.

In order to create an agency there must be an appointment of the agent by the principal and an acceptance of such appointment. 1 A. & E. Enc. Law, 2 ed. 948, 965, 1188; Hughes v. Cincinnati, etc. R. Co., 39 Ohio St. 451; Mechem on Agency, sec. 85.

Where there is a material variance between the allegations made and the proof introduced, it may be taken advantage of by motion to direct a verdict. 6 Enc. P. & P. 688.

In order to constitute a bailment, several things are essential, among which are: Thirdly, It must be lent for use and for the use of the borrower. Story on Bailments, c.l., sec. **225.**

It is a prejudicial error to overrule a motion to make a complaint definite and certain when the defendant is thereby deprived of opportunity to set up all legal defenses to the action as subsequently developed by the proof.

J. W. EDEN for Appellee.

Only the substantive facts necessary to constitute the cause of action are required to be stated. Compiled Laws 1897, sec. 2685, sub-sec. 49.

'In order to constitute a transaction a bailment there must be a delivery to the bailee, either actual or constructive." 5 Cyc. of L. & P. 165.

### STATEMENT OF FACTS

The Appellees, Pelar Sherman and Quincy Cummings, brought an action in the District Court of Chaves County against the Appellant, Darius Hicks, to recover the value of a certain wire cable which they allege they loaned to him and which he negligently allowed to rust so that its value was totally destroyed. The value of the cable at the time of the alleged loan was one hundred and fifty dollars. Hicks answered by a general denial and the cause was tried to a jury which found for the appellees and fixed the damage at One Hundred Thirty-one and 25-100 Dollars. The trial court after hearing and overruling the motion for a

new trial, rendered judgment on the verdict, from which judgment Hicks appeals to this court.

## OPINION OF THE COURT.

MANN, J. — The question of whether or not the appellees loaned the cable in question to the appellant, was one of fact and we think properly submitted to the jury. True, there was some conflict in the testimony, but to determine the facts from conflicting evidence is the peculiar province of a jury. There was evidence tending to show that Hicks and one Fisher called upon Cummings, one of the appellees, and borrowed the cable, Hicks assuming the responsibility and agreeing to pay damages as might occur by reason of the loan. It further appears from the evidence that the cable was taken from the constructive possession of the appellees and taken to the land of appellant and used in a well being bored for him by Fisher. It is not very clear just who actually got the cable from the place where appellees had it and took it to the Hick's place, but we think the learned trial court properly submitted the question to the jury as to the delivery from appellees to appellant and it is a well settled principle that the verdict of a jury will not be disturbed by this court where there is evidence to sustain it.

A constructive delivery and acceptance is sufficient to constitute a bailment. 5 Cyc. 165; and authorities cited.

2. It necessarily follows that the trial court did not err in refusing to instruct a peremptory verdict for defendant on the ground that there was no evidence of delivery, in view of what has been said.

3. The third contention of counsel for appellant is that the court erred in overruling his motion to make more definite and certain on the second and third grounds of the motion to-wit: "That they, plaintiffs, be required to state definitely the purpose and object of said loan and for whose benefit the loan was made." "Third: That they be required to specify with certainty the use to which said cable was to be put, as agreed upon by the parties when the contract of loan was made."

Counsel contend that by the ruling of the court appellant was deprived of a defense of the Statute of Frauds, but we cannot see that this follows. Appellant might have pleaded the Statute of Frauds, had he seen fit, to the complaint as it stood, claiming that he borrowed for the sole benefit of Fisher. He, however, elected to deny that he borrowed the cable at all and cannot now be heard to complain. If appellant borrowed the cable for the use of Fisher, he must have been fully apprised of the fact, regardless of the allegations of the complaint.

It is not the office of a motion to make more definite and certain to point out matters within the knowledge of the movant, but rather to specify matters not within his knowledge, so that he may properly plead thereto. St. Louis & S. F. Ry. Co. v. French, (Kans.) 44 Pac. 12; Railway Co. v. Merrill, 40 Kans. 404, 19 Pac. 793.

As there are no errors appearing in the record, the judgment of the trial court is affirmed.

SYLLABUS (BY THE COURT).

