## HENRY v. GULF COAST DRILLING CO.

No. 6917. Opinion Filed March 21, 1916.

(156 Pac. 321.)

1.    **APPEAL AND ERROR—Pleading—Motions—Separate Statement and Numbering.** A motion to separately state and number, which fails to point out the causes of action or in any manner call the court's attention to the paragraphs of the petition which should be separately stated and numbered, and does not set up the matter supposed to constitute several causes of action, is too general, and a case will not be reversed unless it appears the trial court abused its discretion in overruling the same.

2. **SAME—Harmless Error—Rulings on Pleading.** When the precise nature of the relief demanded is presented by the causes of action set up in the petition, and no apparent injury has resulted from the action of the trial court in overruling a motion to make more definite and certain, the case will not be reversed.

3. **PLEADING—Demurrer—Grounds.** It is not error to overrule a demurrer where the allegations of the petition, construed most favorably to the pleader, set up a cause of action.

(Syllabus by Clay, C.)

*Error from Superior Court, Tulsa County;*

*M. A. Breckenridge, Judge.*

Action by the Gulf Coast Drilling Company against F. S. Henry. Judgment for plaintiff, and defendant brings error. Affirmed.

*O'Meara & Sipe,* for plaintiff in error.

*F. A. Peek* and *W. D. Abbott,* for defendant in error.

Opinion by CLAY, C. For convenience the parties hereto will be designated as in the trial court, plaintiff and defendant, respectively. This action was brought by the Gulf Coast Drilling Company, plaintiff, against F. S. Henry, defendant, for certain sums claimed to be due for drilling two wells, furnishing certain material for the same, for the time lost while drilling, agreed to be paid by plaintiff, and for a certain discount of a note, agreed to be paid by plaintiff. Defendant demurred to plaintiff's petition, which demurrer was overruled, and, he electing to stand on his demurrer, judgment was entered for plaintiff, and defendant brings the case to this court for review.

1. Defendant presents his case under three assignments of error: (1) That the court erred in overruling his motion to separately state and number the several causes of action in the petition; (2) that the court erred in overruling his motion to make the petition more definite

and certain; (3) that the court erred in overruling his demurrer.

The motion to separately state and number is as follows:

"Comes now the defendant, F. S. Henry, and moves the court to require the plaintiff to separately state and number its alleged cause of action in the above-entitled suit, setting out the sum, or balance, claimed to be due under each respectively."

This was a general motion, and did not point out the particular causes of action, or those deemed to be separate causes of action, which defendant desired to be separately stated and numbered; did not point out any paragraph or paragraphs which would constitute separate causes of action, so that the trial court could intelligently pass upon the motion. This question and questions close akin to this have been often before the appellate courts of this state and of Kansas, and the rule announced is that, where the motion is general and does not point out the specific defects in the pleading sought to be affected by the motion, and no prejudicial effect results, the case will not be reversed.

In the case of *Kuchler v. Weaver*, 23 Okla. 420, 100 Pac. 915, 18 Ann. Cas. 462, Mr. Justice Williams uses this language:

"As to whether * * * there was error in overruling the motion of the defendants to require the plaintiff to separately state and number his causes of action we will now determine. In the case of *Grimes et al. v. Cullison*, 3 Okla. 269, 41 Pac. 355, it is held that, where a motion to make a petition more definite and certain is filed, and said motion fails to in any manner point out wherein said petition is indefinite and uncertain, it is not error to overrule

such motion. To the same effect are the cases of *Gilmore v. Norton,* 10 Kan. 491 (new annotated edition, 369), and *Kerr v. Reece,* 27 Kan. 338. In the case of *Ambrose v. Parrott,* 28 Kan. 699, the court held that a motion requiring different causes of action to be separately stated and numbered should in all cases point out specifically the matters which the parties filing the same desire the court to act upon, designating the matter supposed to constitute each separate and distinct cause of action, * * * however, with the limitation that in reviewing such matters, even by the appellate court, a discretion may be exercised. In this case we are clearly of the opinion that two separate causes of action were attempted to be pleaded, and that, after the amendment was allowed by the court, it was proper to file a motion requiring that they be separated. But in this motion counsel fail to particularize and specify the ground. The defendants in their answer admit all the allegations entitling the plaintiff to the injunction abating the nuisance after the amendment." *St. Louis & S. F. R. Co. v. French,* 56 Kan. 588, 44 Pac. 12; *Mo. Pac. Ry. Co. v. Merrill,* 40 Kan. 404, 19 Pac. 793; *A.; T. & S. F. R. Co. v. O'Neill,* 49 Kan. 367, 30 Pac. 470.

The motion to separately state and number is a matter largely within the sound discretion of the court. Of course, this discretion ought not and must not be an arbitrary one, and, if it appears that in the same count distinct and disconnected causes of action are pleaded, so as to embarrass the pleader in demurring or further pleading, then such a motion which comes within the rule should be sustained, and to refuse the same would be reversible error. Where, as in the cases cited by defendant, several causes of action are set forth in the same count without any pretense of either separately stating or numbering the same, and a motion to separately state and number is directed at such pleading, it is reversible error to overrule the same.

*Pierce v. Bicknell,* 11 Kan. 263; *Stewart v. Balderston,* 10 Kan. 131; *Provident Trust Co. v. Coron et al.,* 5 Kan. App. 431, 49 Pac. 345; *New et al. v. Smith et al.,* 73 Kan. 174, 84 Pac. 1030;; *First National Bank v. Ingle,* 37 Okla. 276, 132 Pac. 895.

In the case of *Pierce v. Bicknell, supra,* there was no pretense that the several causes of action were separately stated or numbered, but portions of different causes of action were blended in the same paragraph. The cases of *President Trust Co. v. Coron* and *New et al. v. Smith, supra,* as well as the case of *Atchison, etc., Ry. Co. v. Board of Commissioners,* 51 Kan. 617, 33 Pac. 312, were all cases in which the pleader grouped and blended together in one allegation several causes of action. The case at bar is different. While the pleader sets out in the petition several causes of action in different paragraphs, the paragraphs are numbered, and each in itself is complete, but for the failure of the pleader to allege that it is a separate cause of action.

2. Where a motion to make more definite and certain is overruled by the trial court, and afterwards a demurrer is filed and overruled, the appellate court will consider the ruling on the motion only so far as the ruling affects or is involved in the ruling on the demurrer. *Emporia Nat. Bank v. Board Commissioners, Lyon County,* 25 Kan. 85; *Ludes v. Hood,* 29 Kan. 49.

The motion of the defendant to make more definite and certain was addressed to paragraphs 4 to 9, inclusive, of the petition, and in each case was as follows:

"That the plaintiff be required to state the sum the plaintiff claims to be due and unpaid under the alleged cause of action set forth in paragraph 4 of said petition."

Now, in each of plaintiff's causes of action it is alleged that "the whole sum claimed became, and now remains, due and payable from the defendant to the plaintiff, no part of which has been paid, except as hereinafter specified," and, after stating the whole amount due by virtue of the several causes of action, in the eleventh paragraph the total amount paid is then credited on this sum and the total balance found due alleged. The effect of the motion, if it had been sustained, would have been to require the plaintiff to prorate the credit to the various claims or causes of action and state the balance due and owing on each. This was a matter of mathematical calculation which placed, as we view it, no great burden on the defendant, and did not work any prejudice to his substantial rights, nor in any way embarrass or hinder the fair presentation of the defendant's demurrer to each cause of action, as shown by the demurrer presented.

Section 4791, Rev. Laws of 1910, reads:

"The court, in every stage of the action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

To the same effect is the case of *St. Louis & S. F. R. Co. v. Houston,* 27 Okla. 719, 117 Pac. 184. Section 4770, Rev. Laws 1910, provides:

"When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

3. The demurrer, under the well-recognized rule of this court which requires the court in construing a plead-

20—56

ing to take all the allegations into consideration whether well pleaded or not as true, should have been overruled.

We are of the opinion that the court committed no reversible error in this instance. While technically the petition was subject to a proper motion to separately state and number, this motion was not sufficient to call the court's attention to the matters complained of, and the action of the trial court ought not to be disturbed.

We therefore recommend that this case be affirmed.

By the Court: It is so ordered.