### OKMULGEE PRODUCING & REFINING CO. v. DAVIS, Director General R. R.

No. 13330—Opinion Filed April 15, 1924.

1. **Appeal and Error—Appealable Orders—Overruling Demurrer.**

Upon an order overruling a demurrer to a petition, to which action an exception is reserved, demurrant may elect to stand upon the demurrer and appeal such ruling to this court for review under Comp. Stat. 1921, sec. 780, subdivision two. In such case exception to the ruling, notice of appeal in open court, entry of default, and the prompt perfecting of the appeal without asking for any other or further relief in the trial court are facts sufficient to constitute a valid and binding election in the absence of a requirement by the trial court that the election be made a matter of record.

2. **Pleading—Construction on Demurrer—Absence of Material Allegations.**

The rule that a pleading must be liberally construed upon demurrer has application to defective allegations of material matters, but where a material allegation is wholly lacking in a pleading, the rule cannot be invoked to supply by inference a cause of action not even defectively stated.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; E. D. Oldfield, Judge.

Action by James C. Davis, Director General of Railroads, against Pan-American Refining Company and Okmulgee Producing & Refining Company. From an order overruling the demurrer to the second amended petition, Okmulgee Producing & Refining Company brings error. Remanded, with directions.

This action was commenced June 23, 1920, to recover upon four separate causes of action for freight alleged to be due from defendants to plaintiff. Various preliminary proceedings were had in the action, and on October 8, 1921, the plaintiff filed his second amended petition to which Okmulgee Producing & Refining Company, a corporation, interposed a demurrer separately to each of the four causes of action therein stated, the third ground of demurrer as to each count reading "That said petition does not state

facts sufficient to constitute a cause of action against this defendant." Hearing was had on this demurrer December 3, 1921, and an order was entered overruling the same, to which demurrant excepted and gave notice in open court of its intention to appeal to the Supreme Court, and asked that such notice be entered upon the minutes of the court, which was done. Thereupon plaintiff moved that a default be entered in the action against Okmulgee Producing & Refining Company, which was accordingly done, and exception saved. Thereafter, on May 8, 1922, petition in error with duly certified transcript was filed in this court. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Wm. H. McClarin and Poe & Lundy, for plaintiff in error.

W. F. Evans, Stuart, Sharp & Cruce, and W. T. Stratton, for defendant in error.

Opinion by LOGSDON, C. Preliminary to a consideration of the merits of this proceeding, it is necessary to dispose of a motion filed in this court by the plaintiff to dismiss this appeal. Plaintiff's contention upon the motion to dismiss is that, since the record fails to disclose that defendant elected to stand upon its demurrer in the trial court, the order overruling said demurrer is not a final and appealable order. It is shown by the record that upon the overruling of its demurrer to the second amended petition the defendant reserved its exception and gave notice of its intention to appeal, and that its appeal has been perfected within the time allowed by law for so doing. It is not contended that defendant filed any other pleading thereafter in the action or that it asked for any kind or character of relief in the trial court. It is not contended that if defendant had announced in open court its election to stand upon its demurrer that its remedy by appeal would not have been complete, but it is insisted that since the record is silent as to such an election the order overruling the demurrer is not final, and therefore not appealable until there is judgment in the action upon the merits. The facts that no relief was requested of the trial court by the defendant, no time asked within which to plead further, that an entry of default was suffered to be made, and that the appeal was lodged in this court promptly, are certainly tantamount to an election to stand upon the demurrer which is as effective and binding as if the election had been announced and entered upon the minutes of

the trial court. In Bartholomew v. Guthrie (Kan.) 81 Pac. 491, in the first paragraph of the syllabus, it is stated:

"Error will lie to the Supreme Court from a decision of a district court which sustains or overrules a demurrer, even when the party against whom the ruling is made stands upon his exception thereto, and no judgment on the issues is rendered against him."

In Exchange Oil Co. et al. v. Crews, Guardian, et al., 90 Okla. 245, 216 Pac. 674, the first papragraph of the syllabus reads:

"A defendant who seeks to have an order of the court overruling demurrer to petition reviewed in this court may elect to stand on the demurrer, in which event he may bring the case on appeal to this court at once, or he may elect to plead further, in which event no appeal can be taken from the order overruling the demurrer until the case is tried, and then the action of the trial court in overruling the demurrer may be presented to this court by appeal."

It is concluded that the facts shown by the record in this case constitute an election by the defendant in the trial court to stand on its demurrer, and that the motion to dismiss the appeal should be overruled.

Upon the merits of the case the defendant relies upon a single proposition for reversal, said proposition being stated in its brief as follows:

"That the second amended petition, demurrer to which was by the court overruled, does not state facts sufficient to constitute a cause of action against plaintiff in error, and its demurrer should have been sustained."

The charging part of the second amended petition under the first cause of action reads as follows:

"For his first cause of action against the defendants and each of them, plaintiff alleges that on or about the 10th day of September, 1917, there was delivered to the Pennsylvania lines of railway by the Stern Car Construction Company, at Sharon, Pennsylvania, five new empty tank cars for transportation from Sharon, Pennsylvania, to Tulsa, Oklahoma, consigned to the defendant, Pan-American Refining Company, the same were received in course of transportation by the St. Louis-San Francisco Railroad, in charge of the Director-General, at St. Louis, Missouri, as a connecting and delivering carrier, and transported over its lines from said point to Tulsa, Oklahoma, and delivered to said Pan-American Refining Company, and accepted by it on its own account, or for the joint account of said company and the Okmulgee Producing and Refining Company (the exact facts being to this plaintiff unknown), whereby both de-

fendants became jointly and severally liable.

"Plaintiff avers that the legal freight charges covering the transportation of said new tank cars between Sharon, Pennsylvania, and Tulsa, Oklahoma, at said time in accordance with the published tariffs on file with and approved by the Interstate Commerce Act (Commission) amounted to $69.80, on each car, or a total sum of $349.00; that there was paid therein by the Pan-American Refining Company, on its own account or for the account of both defendants (the exact facts being to this plaintiff unknown), the sum of $27.62, on each car, or a total sum of $138.10, leaving a balance due and owing of $210.90, as per itemized statement hereto attached, marked "Exhibit A" and made a part hereof. Plaintiff avers that no part of said balance due has been paid, although demand has been duly made."

Except for difference in amounts, names of consignors and places of origin of the shipments, the charging part of each of the other three causes of action is identical with the above paragraphs from the first cause of action.

Does the language contained in these allegations state a cause of action or exhibit a liability against the defendant, Okmulgee Producing & Refining Company? It will be observed that under said allegations the Pan-American Refining Company is the consignee, and it is expressly alleged that delivery was made to said Pan-American Refining Company, "and accepted by it on its own account." There is nowhere any allegation of any connection bewteen the Pan-American Refining Company and the Okmulgee Producing & Refining Company. There is nowhere any allegation of liability on the part of the Okmulgee Producing & Refining Company to the plaintiff upon any contract or agreement express or implied. It is nowhere alleged that the Okmulgee Producing & Refining Company received any benefit by reason of the delivery to the consignee, but the sole ground for liability, as alleged in said second amended petition, is, in effect, that if the Pan-American Refining Company did not receive delivery on its own account solely then it did receive delivery for the joint account of both companies, and that thereby both companies became jointly and severally liable.

To sustain the action of the trial court plaintiff cites and relies upon several cases arising under the Interstate Commerce Act. The cases cited are: Atchison, T. & S. F. R. Co. v. Wagner (Kan.) 172 Pac. 519; Great Northern R. Co. v. Hyder, 279 Fed. 873; Western & Atlantic R. Co. v. Underwood,

281 Fed. 891; Pittsburgh, Cincinnati, Chicago & St. Louis R. Co. v. Alvin J. Fink, 250 U. S. 577; Louisville & N. R. Co. v. Central Iron & Coal Co., 284 Fed. 250. An examination of these cases will disclose that none of them are applicable to the facts shown by the record in this case, but that they are all based upon the liability of the consignee or of the transferree of a bill of lading.

Several decisions by this court are also cited by plaintiff in support of the proposition that the overruling of a demurrer to a petition is not error where the allegations of the petition, by any fair interpretation, state a cause of action against the demurrant. Illustrative of the cases relied upon is the third paragraph of the syllabus in Henry v. Gulf Coast Drilling Co., 56 Okla. 604, 156 Pac. 321, quoted in plaintiff's brief as follows:

"It is not error to overrule a demurrer where the allegations of the petition, construed most favorably to the pleader, set up a cause of action."

There can be no disagreement or dispute as to the correctness of the rule announced, but its application to the allegations of the second amended petition in the instant case is not apparent. There is no language in the second amended petition in this case which by the most liberal interpretation or by the indulgence of the strongest inference can be said to state a cause of action against defendant, or to set out a basis of liability from the defendant to the plaintiff.

It is, therefore, concluded that this cause should be remanded to the trial court, with directions to vacate the order overruling the demurrer to the second amended petition and for further proceedings in conformity to law.

By the Court: It is so ordered.