Meagher v. Morgan.

## PATRICK MEAGHER v. THOMAS MORGAN.

*Error from Leavenworth County.*

Under the Civil Code (as under the practice before the Code,) pleading the "common counts" for goods sold and delivered, work and labor done, money had and received, &c., constitutes a sufficient setting forth of a cause of action; *so held,* where objections were made to evidence establishing a counter claim so pleaded, no motion under section 128 of the Civil Code for a more specific plea, and no objections to the plea having been made. *Held* that the plaintiff waived all objections to such a pleading for indefiniteness, by proceeding to trial.

The pleading of the counter claim was as follows:

"*Third.* And for a further and third defense, the said defendant alleges that at the time of the commencement of this action the said plaintiff was indebted to this defendant in (a certain sum named) for the work and services of defendant before then done, and performed for said plaintiff at his request; also for the further sum of (giving it,) paid, laid out and expended by defendant for said plaintiff at his request; also in the further sum of (giving it) for so much money before that time had and received by said plaintiff to and for his use; and the defendant alleges that the said plaintiff although often requested has not paid the said several sums of money or either of them or any part thereof, but the same is and now remains wholly unpaid. Wherefore," &c.

To maintain this defense the defendant was sworn and asked "to state to the jury what he knew about the indebtedness of the plaintiff to the defendant at the time of the commencement of the suit for any work or labor," &c. The plaintiff objected to the question, which objection was sustained, and the ruling excepted to. The defendant then offered to prove that at the time of the commencement of the action the plaintiff was indebted to defendant therefor in the sum of, &c. Same objection, ruling and exceptions;

verdict for the plaintiff below and motion for new trial overruled. Other facts appear in the opinion of the court.

*Hemmingray & Gambell* for plaintiff in error.

*Ludlum & Wheat,* for defendant in error, submitted:

The counter claim set up in the answer of which evidence was attempted to be given, was *an account,* no copy of which had been set forth in the pleading as required by the Code, (section 132, Comp. L., 100.) The answer on its face does not contain a statement of facts constituting a defense (as required by section 91, Civil Code,) but is a succession of allegations of conclusions of law.

*By the Court,* SAFFORD, J.

The principal question presented by the record in this case is whether or no the common counts for goods sold and delivered, work and labor done, money had and received, &c., when set out in a pleading under the Code, contain each in itself facts sufficient to constitute a cause of action or grounds of defense.

We are of the opinion that this manner of pleading is sufficient under the Code, as it was under the practice before the Code. To illustrate, take the plea objected to in this case. It alleges an indebtedness of the plaintiff to the defendant at the commencement of the suit, and also states the facts out of which it arose. Then follow allegations of demand, non-payment and prayer for judgment. These allegations if established by proof would most certainly show a right to recover, and this is all the Code requires. But if the opposing party objected to the plea in this form, he could under the Code, move to have it made more specific, (section 128,) and failing to avail himself of this privilege, he certainly ought not to be permitted to deprive the other party of the benefit of his defense.

In this case the plaintiff objected to any testimony being given by the defendant under his third ground of defense,

because it was stated in the form of the common counts; and the court sustained the ruling. We think the court erred in so doing. The testimony offered should have gone to the jury, and the more especially since the plaintiff had interposed no objection at all to the plea, but had replied to it and entered upon the trial. Holding as we do that such plea was sufficient, the plaintiff waived any objection he might have had to it on account of indefiniteness or uncertainty by proceeding as he did.

The judgment of the District Court is reversed and the cause remanded with instructions to sustain the motion for a new trial.

