M. C. McPHERSON, *et al.*, v. S. KINGSBAKER, *et al.*

1. CONVEYANCE, *When Void.* A conveyance may be void as against a subsequent creditor, if made with a specific intent to defraud such creditor.
2. ―――― *Practice.* Ordinarily, mere generality of statement in a petition is to be cured by motion, and not by demurrer, and where all essential facts are stated, though in general terms, a demurrer will not lie.
3. JUDGMENT BY DEFAULT; *Practice.* Where judgment is rendered by default against a party, the court may properly overrule a motion to set aside the judgment, unless it appears, not only that the default is excusable, but also that the answer tendered is true.

*Error from Harvey District Court.*

ACTION brought by *S. Kingsbaker*, and *M. Kingsbaker*, partners as Kingsbaker & Brother, against *M. C. McPherson*, *John McPherson*, and *Lucy V. Darrow*, to set aside a certain

·deed alleged to have been made to defraud creditors. Trial
at the September Term, 1878, of the district court, and judg-
ment for the plaintiffs. The defendants bring the case to
this court.

*Bowman & Holmes*, for plaintiffs in error.
*Ady & Grattan*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Two questions are presented: Did the court
err in overruling the demurrer to the petition? Ought the
motion to set aside the judgment, and for a new trial to have
been sustained?

The action was to set aside a deed as executed in fraud of
plaintiffs' rights as creditors; and the objections made to the
petition are, that it fails to allege that plaintiffs were credi-
tors at the time of the execution of the deed, and also that
the allegations of fraud are in general terms. Neither ob-
jection can be sustained. It is true the petition lacks a spe-
cific allegation that the plaintiffs were creditors at the date
of the deed, and also true that the deed antedates the judg-
ment a little — the one January 5, 1878, and the other March
12, 1878; yet the interval is so slight as to create a strong
probability that the plaintiffs were in fact creditors at the
earlier date. But the allegation is also directly made that
the deed was executed for the purpose of hindering, defraud-
ing and delaying plaintiffs, and a conveyance is void even
against a subsequent creditor, if made with a specific purpose
of defrauding him.

Ordinarily, mere generality in the allegations is to be rem-
edied by motion, and not by demurrer; and where all essen-
tial facts are stated, although in general terms, a demurrer will
not lie. Here we see nothing in this respect to justify sus-
taining the demurrer. The motion to set aside the judg-
ment and for a new trial was on the ground of accident and
surprise. By reason of the absence of defendant's attorney,
no answer was filed or defense made. Conceding that the

showing is sufficient to excuse the defendant, and to cast the entire blame upon the attorney, and still we think the ruling of the district court must be sustained. With her motion was tendered an answer. This answer was not verified, nor is there in the affidavits filed in support of the motion any allegation that such answer was true. In her affidavit, defendant swears she believes she has a good defense to the action, but whether it is the defense she tenders in her answer or not, does not appear. Now, before a party against whom a judgment is rendered by default can have that judgment set aside and be let in to answer, the court must be advised of the defense which is to be presented, and assured by affidavit or other testimony that such defense is at least believed to be true. Otherwise the defendant might delay and put the plaintiff to costs without any just defense to his claim. And the absence of counsel for defendant at the time of trial, or any other accident, might be productive of great benefit to defendant.

The judgment will be affirmed.

All the Justices concurring.