## C. E. GODFREY v. ROBERT BLACK.

39  193
53  401

39  193
76  177

1. INJUNCTION *to Prevent Unauthorized Use of Premises.* Where a build-ing is designed and constructed for use as a hotel, and the owner leases it to another for such purpose, and stipulates that the lessee shall not lease or underlet the premises unless the written consent of the owner is first obtained; and where the lessee, during the term, and without the consent of the lessor, sublets a portion of the hotel office to be used for carrying on a real-estate and brokerage business, which business detracts from the reputation and popularity of the house and impairs its value as a hotel, equity will interfere on the application of the lessor to prevent by injunction the lessee or sub-lessee from continuing such unauthorized use of the premises.

2. FORBIDDEN USE, *Remedy to Prevent.* Although the lessor may have the right to reënter, he is not confined to this remedy: he may in-sist that the covenants of the lease shall be observed; and the action for the recovery of possession is not so ample as to preclude him from obtaining equitable relief to prevent a forbidden use of the premises.

3. INJUNCTION — *Insufficient Ground for Withholding.* Neither is the right of the lessor to bring an action to recover compensatory dam-ages for the trespass of the sub-lessee, a sufficient ground for with-holding the remedy of injunction.

### *Error from Sedgwick District Court.*

INJUNCTION, brought by *Robert Black* against F. S. Roberts and M. O. Roberts, partners as *Roberts Brothers,* and *C. E. Godfrey,* to restrain Roberts Brothers from subletting any portion of the Manhattan hotel, situated in the city of Wichita, and to restrain C. E. Godfrey from occupying the hotel office as a real-estate and brokerage office. In his petition, Black stated in substance that he was the owner of the premises, and had constructed the building thereon to be used as a first-class hotel, and that he let the same to the Roberts Brothers to be used as a hotel from the 1st day of July, 1885, to the 1st day of July, 1886, for a stipulated rent, payable in monthly in-stallments. It was further provided in the lease, which was in writing, that Roberts Brothers might elect to take the prem-

ises for the further period of four years after July 1, 1886, upon the same terms, by giving to Black a written notice of such election at any time prior to the 1st day of May, 1886. In pursuance of that stipulation, Roberts Brothers, within the time, elected to retain the lease for the additional four years, and gave written notice to that effect to the plaintiff. It was further provided in the lease, that Roberts Brothers might carry on any business in the building incident to the hotel business; but it was expressly stipulated that they should not lease nor underlet, nor permit any persons to occupy the premises without the consent of the plaintiff in writing having been first obtained. He alleges that he has never given Roberts Brothers any consent to occupy the building for any purpose other than that of a hotel, nor to lease or underlet the building or any part thereof, nor to permit any persons to occupy the same except as guests of the hotel. He alleges that the premises were to be occupied only as a hotel, and that it is injurious to the hotel to carry on in the office thereof the business of a real-estate agency and brokerage, and that it is such an injury as cannot be compensated in damages. Notwithstanding the premises, he avers that Roberts Brothers have leased to C. E. Godfrey a portion of the hotel building used as the hotel office, and that Godfrey, his agents and employés, are occupying the same as a real-estate office and place of business. He further states that Roberts Brothers are threatening and intending to continue said lease and underletting to Godfrey, and that Godfrey intends to occupy the room in the transaction of the real-estate business, against the protest and without Black's consent, and to his irreparable injury. He asks that an injunction issue prohibiting Roberts Brothers from leasing or underletting the hotel building and premises or any part thereof to Godfrey for a real-estate office, and restraining Godfrey and his agents and employés from occupying the office of the hotel or any part thereof as a real-estate office.

The petition was verified, and introduced in evidence in support of the application for a temporary injunction. In

addition, the affidavits of several persons were offered, tending to show that the carrying on of a real-estate business in the office of a first-class hotel brings a crowd and an excitement which interferes with the convenience and comfort of guests, and tends to drive them away and to render the hotel unpopular.

C. E. Godfrey testified that he had leased from Roberts Brothers a space eight by twenty feet in the corner of the hotel office and put a railing around and furnished the same, and was carrying on a real-estate business therein.   On January 3, 1887, a hearing was had upon due notice, and a temporary injunction was granted against Godfrey during the pendency of the action enjoining him and his agents and employés from further using any portion of the office of the hotel as a real-estate office.   To reverse the order granting the temporary injunction, *C. E. Godfrey* brings the case to this court.

*Sankey & Campbell,* for plaintiff in error.
*Campbell & Dyer,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: We see no reason to disturb the order granting the temporary injunction.   The building in question was constructed for use as a first-class hotel, was rented for that purpose, and it was expressly specified in the lease that the lessee should not sublet the premises or permit anyone else to occupy the same without the consent in writing of the lessor having been first obtained.   In direct violation of the terms of the lease, Roberts Brothers sublet a portion of the hotel office, to be used by Godfrey in carrying on a business inconsistent with the hotel business, and which the testimony says detracts from the reputation and popularity of the house. They had no right to sublet or permit the hotel to be used by Godfrey, and he acquired no right by the agreement made with them.

It is claimed that injunction is not the proper remedy in such case, and actions to recover possession and to recover

damages for trespass, where the defendants could have the issues submitted to a jury, are suggested. The lessor is not confined to these remedies, nor are they adequate. He has a right to insist that the covenants of the lease shall be observed, and that the premises shall be used only for the purposes agreed upon. It does not appear that the lease was to terminate upon a breach of the covenants; but even if the lessor had a right to reënter, that would not preclude him from obtaining equitable relief to prevent a forbidden use of the premises. Presumably, the continuance of the lease for the full term is beneficial to the lessor, and he is entitled to a performance in accordance with the contract made. Upon this ground the mere reëntry is held to be an inadequate remedy, as it does not leave the lessor in as good a position as the enforcement of performance by the tenant would leave him in. *Bodwell v. Crawford*, 26 Kas. 292, is cited as an authority against maintaining the action. The two cases are very dissimilar. There, no contractual relation existed between the parties, and the possession of the premises by the defendant was wholly unauthorized. In giving the opinion in that case, the writer carefully distinguished it from those like the present one, holding that injunction to restrain parties from putting leased property to a use not authorized by the lease could be maintained. In speaking of a reëntry by the landlord, it was there remarked: "True, he may perhaps declare the lease forfeited and recover the property, but he may not desire to do this; he may not be able to lease for the same rent or to an equally responsible tenant, and the lessee ought not to be permitted to compel the lessor either to take back the property or tolerate a forbidden use." (*Stees v. Kranz*, 32 Minn. 313; High Inj., §§ 1138, 1144.) Neither is the right of the lessor to bring an action to recover compensatory damages for the trespass a sufficient ground for withholding the remedy of injunction. Equitable relief may be properly extended in some cases against trespass. An action at law against the trespasser here,

2. Forbidden use, remedy to prevent.

1. Injunction to prevent unauthorized use of premises.

3. Injunction—insufficient ground for withholding.

would not be an adequate remedy. A new cause of action would arise every day for the constantly-recurring grievance which would lead to a multiplicity of suits, and the necessity of preventing these is an exception which warrants the exercise of the equitable jurisdiction of the court. Besides, the lessor has a right to insist upon his property being used in the manner fixed by agreement in the lease; and the testimony tends to show that the carrying on of the real-estate business in the office of the hotel will deteriorate its value and seriously injure the hotel; and in such cases equity will interfere to restrain the continuance of the injury. (High Inj., § 1142; *Steward v. Winters*, 4 Sandf. Ch. 587; *Macher v. Foundling Hospital*, 1 Ves. & Bes. 188; *Stees v. Kranz*, 32 Minn. 313.)

Under the pleadings and the proofs, the temporary injunction was properly allowed, and the order granting it will be affirmed.

All the Justices concurring.