Winkler v. Gibson.

---

### A. H. WINKLER v. AARON B. GIBSON *et al.*
#### No. 4.

1. LEASE—*Subletting*—*Forfeiture.* The subletting by a tenant, during his term, of a part of the leased premises, in violation of the provisions of the lease, does not, of itself, work a forfeiture of the term, when the lease does not expressly provide that it shall have that effect; and the owner cannot, by merely assuming that the lease has been terminated by such violations of its conditions, confer any right to immediate possession upon another by the execution of a lease of the same premises to him, without having taken any legal steps to cancel the prior lease, or to retake possession.

2. CROP—*Rights of Subtenant.* One who takes possession of a piece of ground under such a sublease, and plants the same to a crop, and who remains in undisturbed possession until he has harvested the crop, is entitled to it as against one who claims under a lease made by the owner before the prior lease has been terminated.

Winkler v. Gibson.

MEMORANDUM.— Error from Brown district court; R. C. BASSETT, judge. Action by Aaron B. Gibson and others against A. H. Winkler and others. Judgment against Winkler, and he brings error. Affirmed. The material facts are stated in the opinion, filed December 5, 1895.

*E. Bierer*, and *W. D. Webb*, for plaintiff in error.
*Jas. Falloon*, for defendants in error.

The opinion of the court was delivered by ,

GARVER, J. : The controversy in this case is about the ownership of a crop of wheat raised and harvested on a piece of land in Brown county. The land, consisting of 160 acres, and belonging to one John K. Ewing, was, on January 11, 1886, leased to C. W. Sheets, for a term ending March 1, 1889, the lease expressly providing that the premises should not be sublet without the consent of Ewing. In the spring of 1886, Sheets sublet to Charles S. Welch, for an agreed rental of one-third of the crop raised, 40 acres of the land, on which Welch raised a crop of corn during that year, and which he planted to wheat in the following fall. About February, 1887, Sheets absconded, leaving his wife in charge of the land and other property. In the leasing of the land to Sheets, Ewing, being a non-resident, acted through a local agent, who had knowledge of the subletting of the land to Welch, and made no objection thereto ; nor was any objection made of any violation of the conditions of the lease until after Sheets had left the country. On March 1, 1887, the agent of Ewing entered into a contract of lease for the same premises with the plaintiff in error, Winkler, for a term of three

years from that date.    No steps or proceedings of any
nature were taken at any time for the termination of
Sheets's lease or to regain possession of the land.
The agent of Ewing proceeded upon the assumption
that the term of Sheets might be considered forfeited
and terminated by the mere fact of the subletting to
Welch in violation of the terms of the lease.    Welch
remained in the undisturbed possession of the land
and wheat until after it was harvested, in June, 1887,
when this controversy arose by Winkler claiming own-
ership of the wheat under the lease entered into be-
tween him and the agent of Ewing.    The trial court
found against the claim of Winkler, that Welch was
the legal owner of the wheat and entitled to its pos-
session, and rendered judgment accordingly.    The
other defendants in error had interests derived through
Welch.

The plaintiff in error complains of certain of the
findings of fact made by the court, on the ground that
they were not sustained by the evidence.    This objec-
tion can have but little weight in an appellate court.
The trial court is the exclusive judge of conflicting
testimony given by witnesses before it.    We think,
however, there was sufficient evidence to have war-
ranted the court in this case in finding as it did.    The
contract of the lease entered into between Ewing and
Sheets did not contain any condition or provision by
which a violation of its terms by the tenant would, of
itself, effect a forfeiture and termination of the lease.
For any such violation the lessor might have had the
benefit of either of several different remedies ; and, if
the violation was of a substantial part of the contract
and of sufficient consequence, the lease might have
been terminated by proper proceedings at the option of
the landlord. (*Godfrey v. Black*, 39 Kan. 193.)    But

the landlord cannot proceed, as was attempted in this case, by simply assuming that the lease was terminated and making a lease of the premises to another.

Some objection is made in the brief, in a general way, to the rulings of the court upon the admission of testimony, but as the portions objected to are not specifically pointed out, as required by the rules of this court, we shall not consider them. .

Finding no substantial error in the record, the judgment will be affirmed.

All the Judges concurring.