CHARLES GANO, *Appellee*, v. J. H. CUNNINGHAM, *Appellant.*

No. 17,850.

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Petition—Demurrer.* Mere generality in the allegation of essential facts, or mere conclusions of fact, do not render a petition bad as against a demurrer.

2. TRESPASS — *Irreparable Injury — Injunction.* A continued trespass upon real estate which may ripen into an easement or which threatens irreparable injury, may be enjoined.

3. ——— *Same.* Against such a wrong an action for damages is not a remedy at law sufficiently adequate to preclude equitable interference by injunction.

Appeal from Pawnee district court. Opinion filed December 7, 1912. Affirmed.

*G. P. Cline,* of Larned, for the appellant.

*W. H. Vernon,* and *W. H. Vernon, jr.,* both of Larned, for the appellee.

The opinion of the court was delivered by

WEST, J.: The petition alleged that the plaintiff was the owner and in possession of a quarter section of land, all in cultivation and used by him for raising wheat; that the defendant occupied another quarter of the same section, and farmed still another, "and for some time last past in going to and from his home place to the said rented land, he has unlawfully entered upon the said premises of said plaintiff, near the north line thereof and used the same as a public highway, thereby destroying plaintiff's growing crop; that on or about the 8th day of the present month, after plaintiff had prepared his land for drilling wheat this fall, the said defendant again, without right so to do, entered upon the plaintiff's said premises and drove over the same with an engine and threshing machine, and has continued and is still continuing to use the same as such highway by driving over the same with his wagons and teams and will continue so to do unless restrained by order of this honorable Court;" that the appropriation of such portion of land as a highway would work an irreparable injury; and that the defendant threatened to and would use and appropriate such portion by traveling over the same as stated, no highway ever having existed thereon. A demurrer was filed and overruled, whereupon an injunction was granted.

The only question presented is whether the petition stated a cause of action. The defendant complains that the pleading abounded more in conclusions and arguments than in facts, and asserts that the mere allegation of irreparable damage without any statement of facts to support it is insufficient, and that injunction does not lie in the case of a naked trespass.

The general rule is that a demurrer admits every-

thing well pleaded, but in *McPherson v. Kingsbaker*, 22 Kan. 646, it was thus stated:

"Ordinarily, mere generality in the allegations is to be remedied by motion and not by demurrer; and where all essential facts are stated, although in general terms, a demurrer will not lie." (p. 647.)

The petition substantially follows the one considered in *Poirier v. Fetter*, 20 Kan. 47, which was deemed sufficient as against a demurrer. It was there said:

"A mere trespass will not be restrained, . . . but where the trespass, if permitted to continue, will ripen into an easement, there injunction will lie." (p. 49.)

It was further ruled that when irreparable mischief is threatened, equity will interfere by injunction even against one acting under a claim of right. (There a township trustee.) As to the allegation that the threatened damages were irreparable, the court said:

"The threatened loss of his land is the irreparable injury, and it matters not how solvent he may be who seeks to take it or to transfer it to the public use, the courts will protect the possession of the owner." (p. 50.)

While general allegations of fraud and illegality and mere legal conclusions are bad as against a demurrer (*Ladd v. Nystol*, 63 Kan. 23, 64 Pac. 985; *Houser v. Smith*, 80 Kan. 260, 101 Pac. 1001), mere generality of allegation (*Meagher v. Morgan*, 3 Kan. 372), or conclusion of fact (*Gilmore v. Norton*, 10 Kan. 491; *L. L. & G. Rld. Co. v. Leahy*, 12 Kan. 124; *Comm'rs of Saline Co. v. Young*, 18 Kan. 440; *McPherson v. Kingsbaker*, 22 Kan. 646), do not render the petition insufficient. Indeed, in an early case (*Stewart v. Balderston*, 10 Kan. 131) it was said that as against a demurrer, in the absence of a motion to make definite and certain, everything stated in the petition should be taken as true, whether well pleaded or not. It must

be held, therefore, that in this respect the demurrer was properly overruled.

In *Godfrey v. Black,* 39 Kan. 193, 17 Pac. 849, it was said:

"Equitable relief may be properly extended in some cases against trespass. . . . A new cause of action would arise every day for the constantly-recurring grievance which would lead to a multiplicity of suits, and the necessity of preventing these is an exception which warrants the exercise of the equitable jurisdiction of the court." (pp. 196, 197.)

In *Mendenhall v. School District,* 76 Kan. 173, 90 Pac. 773, it was decided that injunction lies to prevent a trespass when the acts complained of are continuous or when the injuries are of such character that they can not be compensated by any ordinary standard of value, or when for any reason the remedy at law would be inadequate; that an adequate remedy at law must be equally complete, practical and efficient with the remedy in equity. Section 250 of the civil code authorizes the granting of an injunction when it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of some act the commission or continuance of which during the litigation would produce injury to the plaintiff. In *Webster v. Cooke,* 23 Kan. 637, a *bona fide* settler upon certain ceded land was held entitled to an injunction against a mere trespasser, who took possession by force and violence and continually interfered with the settler's flocks and prevented their grazing on the premises. Insolvency was there alleged, but it was said:

"The general rule is that, where the injury complained of is in its nature a continuing one, if the defendant persists in inflicting the injury and an action for damages would be wholly inadequate for the protection of the plaintiff's rights, equity will interfere and afford relief by injunction." (p. 640.)

In *Godfrey v. Black,* 39 Kan. 193, 17 Pac. 849, it was held:

"Neither is the right of the lessor to bring an action to recover compensatory damages for the trespass a sufficient ground. for withholding the remedy of injunction. Equitable relief may be properly extended in some cases against trespass. An action at law against the trespasser here, would not be an adequate remedy." (p. 196.)

"The jurisdiction of equity, in a proper case, to restrain trespasses is now well settled. . . . Equity will not restrain by injunction the commission of a mere ordinary or naked trespass. The nature of the trespass or the injury resulting therefom must be such as to require equitable interference. . . . Where the resulting injury is susceptible of perfect pecuniary compensation, the remedy will be denied in the absence of other grounds calling for equitable interference. But where one party makes a tortious attempt to use and possess the real property of another, or is permanently injuring the estate, an injunction may issue, although a recovery of damages would be adequate, in case the remedy of the complainant is otherwise inadequate at law." (22 Cyc. 825, 827, 829.)

Cases are cited from England, the United States and many states in support of the following text:

"Where acts. of trespass are continuous or constantly recurring whereby, if permitted to continue, irreparable injury may result, as where the continuous wrongful invasion of plaintiff's right might ripen into a prescriptive right, an injunction will lie to restrain such trespasses, both on the ground that the remedy at law by suits for damages is inadequate and to prevent a repetition or multiplicity of such suits." (22 Cyc. 836.)

While the plaintiff might have been required to make his petition more definite and certain by a proper motion, we think, in view of the foregoing authorities, that as against the demurrer a cause of action was stated.

The judgment is affirmed.