THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF NEOSHO, *Appellee,* v. HATTIE A. SPEARMAN et al. (HATTIE A. SPEARMAN, *Appellant*).

No. 18,020.

SYLLABUS BY THE COURT.

PLEADINGS — *Allegations — Conclusion of Facts—Remedy—Motion.* Where the only objection to a petition is that the material facts are set forth in general terms and amount to mere conclusions of facts, the remedy is a motion to make more definite and certain, and where such a petition is not attacked by motion a demurrer should be overruled.

Appeal from Neosho district court. Opinion filed March 8, 1913. Reversed.

*John J. Jones, James W. Reid, James A. Allen,* all of Chanute, and *David F. Carson,* of Kansas City, for the appellant.

*R. B. Smith,* county attorney, *W. R. Cline,* and *J. Q. Stratton,* both of Erie, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Action by the county to foreclose a tax lien.

The court sustained a demurrer to the answer of appellant. The only question is whether the answer stated a defense good as against a general demurrer. The objections to the answer are that the material facts are stated in general terms and amount to mere conclusions of the pleader. The lien sought to be foreclosed is for special taxes assessed against appellant's land to pay for the construction of a levee by a drainage district. The answer alleged that the levee was never completed, that it had been changed in a number of important particulars, and as constructed was and is a material departure from the levee as originally located and contracted for; that the board of county commissioners acted upon erroneous, untrue and misleading statements of the engineer in making assessments and that such assessments are in excess of the value of the property and of the estimate made by the engineer, and that they amount to a confiscation of appellant's property. A motion to require the answer to be made definite and certain by alleging in what respect the levee as constructed had been changed from the original specifications, to what extent it had not been completed and in what respect the engineer's estimates were erroneous would have been proper; but a general demurrer is not the way to attack a petition bad for generality of its averments, or for general statements of conclusions of fact. (*Meagher v. Morgan,* 3 Kan. 372; *Gilmore v. Norton,* 10 Kan. 491; *L. L. & G. Rld. Co. v. Leahy,* 12 Kan. 124; *McPherson v. Kingsbaker,* 22 Kan. 646; *Hayes v. Railway Co.,* 84 Kan. 1, 4, 113 Pac. 421; *Gano v. Cunningham,* 88 Kan. 300, 302, 128 Pac. 372.)

In the absence of a motion to make more definite and

certain the general statements of conclusions of fact will be held good as against a demurrer.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.