No. 20,657.

WATSON-DURAND-KASPER GROCERY COMPANY, *Appellant*, v. T. J. SCHEETZ et al., Partners, etc., *Appellees*.

### SYLLABUS BY THE COURT.

PLEADING—*Verified Account Against Partners—Partnership Denied Under Oath—Issues Raised Thereby*. The petition alleged that the goods mentioned in a verified account attached were sold to the defendants doing business as the Scheetz Mercantile Company. One of the two defendants denied under oath that she owed the plaintiff anything and denied the existence of the named partnership. *Held*, that such verified denial admitted the correctness of the account but not her indebtedness thereon and that for plaintiff to recover it was necessary to show either a personal or partnership liability.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed February 10, 1917. Affirmed.

*R. H. Seeds*, of Abilene, for the appellant.

*C. H. Ewald*, of Abilene, for the appellees.

The opinion of the court was delivered by

WEST, J.: The petition alleged that the defendants were partners under the name of Scheetz Mercantile Company, that they were indebted to it upon an account for goods, wares and merchandise sold to them at their instance and request, amounting to $378.97, an itemized statement of which account duly verified was attached; that the account was just, due, true and correct, that the defendants had not nor had either of them, though often requested so to do, paid this account or any part thereof and judgment against the defendants was prayed. Alice L. Scheetz filed her verified answer denying that she and T. J. Scheetz were or had been partners under the name of Scheetz Mercantile Company and denied that she was indebted to plaintiff in any sum of money whatever. Judgment was rendered against T. J. Scheetz alone and in favor of defendant Alice L. Scheetz for costs, and from this part of the judgment the plaintiff appeals.

The journal entry shows that the plaintiff objected to the introduction of any testimony as to the question of partner-

ship or the correctness of the account sued upon or Alice L. Scheetz' liability thereon, for the reason that by the pleadings filed she admitted the correctness of the account and that the defendants purchased the goods from the plaintiff as alleged, and that the only defense she could make under her answer was payment.

"Thereupon the court finds that said defendant, Alice L. Scheetz, admits the purchase and sale of the goods as alleged and set up in plaintiff's petition, and the correctness of the account, but held that the burden was upon said plaintiff to prove the partnership alleged in plaintiff's petition, which ruling and judgment of the court requiring plaintiff to prove the partnership alleged in plaintiff's petition was objected to by said plaintiff. Thereupon, said cause coming on for hearing upon the question of partnership, a jury being waived, said cause is submitted to the court. And the court, having heard the evidence, finds that at the time of the purchase and sale of the goods, said defendants were not partners as alleged in plaintiff's petition, and for that reason said defendant, Alice L. Scheetz, is not indebted to said plaintiff in any sum whatever, to which judgment and finding of the court said plaintiff at the time duly and legally excepted."

The plaintiff invokes sections 2034 and 2037 of the General Statutes of 1915, providing that all contracts which by the common law are joint only shall be construed to be joint and several and that in cases of joint obligations and joint assumptions of copartners, or others, suits may be brought and prosecuted against any one or more of those who are so liable. It is argued that the answer of Alice L. Scheetz admits that she bought and received the goods, that the account is true and correct; that she had not paid for them. It will be observed that the allegation was that the defendants doing business as partners were indebted for goods sold to them. The denial went not only to the indebtedness but also to the partnership. Of course if Alice L. Scheetz was a member of the firm she would be liable as a partner for goods bought by the firm whether she participated in the transaction or not. The itemized account although not in the record was doubtless made out against the partnership, the existence of which was denied under oath. In this condition of the pleadings it was necessary for the plaintiff to prove that the goods were sold the defendants individually or that Mrs. Scheetz was liable because a member of the partnership in whose name the purchase was made. The mere allegation of the correctness of the account

was not sufficient to obviate the necessity of proof as to these matters. In *Hill v. Republic County,* ante, p. 49, 160 Pac. 987, it was held that the failure to deny a verified account admits only its accuracy and not its legality. The verified denial of the partnership and of the indebtedness left the accuracy of the account as to its amount and as to the liability of the other defendant untouched but it amounted to a denial of its applicability to the personal or partnership liability of the appealing defendant.

It is argued that the denial of indebtedness is a mere denial of a legal conclusion and not an allegation of fact, and authorities to that effect are cited. But the petition set forth the facts as well as the conclusion of indebtedness. Besides conclusions are not in this state regarded as utter outlaws in pleadings. (*Gano v. Cunningham,* 88 Kan. 300, 128 Pac. 372; *Neosho County v. Spearman,* 89 Kan. 106, 130 Pac. 677.) It was just as effective, sensible and proper to deny that she owed the plaintiff anything as to aver that it had not sold to her and she had not directly or indirectly bought of it the goods mentioned or any part thereof.

While the evidence is not brought up it is stated in the defendant's brief that she successfully maintained that there was no partnership and that she did not order, receive or appropriate the goods or their proceeds. But at any rate the plaintiff did not avail itself of the opportunity to prove a liability; and we find no prejudicial error of which it can take advantage.

The judgment is affirmed.