Engelbrecht v. Herrington.

---

No. 21,007.

PETER ENGELBRECHT, *Appellant,* v. J. B. HERRINGTON, as Executor, etc., *Appellee.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Indefiniteness—Objection by Motion.* To be available, an objection to the generality or indefiniteness of the averments of a pleading should be raised by motion.

2. EXPRESS TRUSTS IN LAND—*How Created.* Under the statute, an express trust relating to lands can only be created by a writing signed by the party creating the same, or by his attorney thereto lawfully authorized in writing.

3. STATUTE OF FRAUDS—*Parol Contract for Interest in Land.* A parol contract for the sale of lands or of any interest therein is within the statute of frauds and unenforceable unless it is taken out of the statute by some fact or circumstance connected with it.

4. SAME—*Parol Contract for Sale of Land—Consideration Paid—When Within the Statute of Frauds.* The payment of the purchase price does not take a verbal contract for the sale of lands out of the statute of frauds, nor will the payment of the consideration in service have that effect if the value of the service may be determined and compensation in money may be made therefor.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion on rehearing filed May 11, 1918. Former opinion adhered to. (For original opinion of affirmance see 101 Kan. 720.)

*A. E. Crane, Oscar Raines, R. F. Hayden,* and *Robert S. Heizer,* all of Topeka, for the appellant.

*Z. T. Hazen,* and *R. H. Gaw,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: A rehearing has been granted in this appeal. On the former hearing the judgment in favor of the defendant was affirmed upon the ground that plaintiff's alleged cause of action was barred by the statute of limitations. (*Engelbrecht v. Herrington,* 101 Kan. 720.) The rule of law declared in the first opinion is conceded to be correct and applicable in ordinary cases of breach of contract, but it is contended that because of the agreement and conduct of the parties a trust arose in favor of the plaintiff, and that the proceeds of the farm sold by his father in 1909 became a trust fund in the hands of the father, and that the statute of limitations did not run until the plaintiff obtained knowledge of the repudiation of the trust.

First, it is said that the question of the statute of limitations was not sufficiently pleaded to raise an issue in the case. In his answer the defendant set forth a general denial and then alleged that "plaintiff's pretended cause of action is barred by the statute of limitations." The allegation as to this defense is not as specific as it should have been, but no reply was filed and no question was raised as to the sufficiency of the allegation at the trial. An attack as against generality or as to the statement of conclusions of fact in a pleading should be raised by motion, and such an objection is not good even when raised by a demurrer. (*Meagher v. Morgan,* 3 Kan. 372; *L. L. & G. Rld. Co. v. Leahy,* 12 Kan. 124; *McPherson v. Kingsbaker,* 22 Kan. 646; *Neosho County v. Spearman,* 89 Kan. 106, 130 Pac. 677.) No objection having been made as to the form and sufficiency of the averment on the trial, nor yet in the brief filed at the first hearing of the appeal, it cannot be raised at this time.

The question then is, Did the contract between the father and son create a trust which prevented the statute of limitations from running against his action? The plaintiff contends that as an express trust is created by agreement which specifically defines the persons, property, and purpose of the trust,

the agreement between Andrew Engelbrecht and himself created an express trust, and that in case of such a trust the statute does not begin to run until there has been a denial or repudiation of the trust. The contract sought to be enforced and upon which a trust is claimed was not in writing. It related to lands, and under the statute an express trust concerning real estate can only be created by a writing signed by the party creating the same or by his attorney lawfully authorized in writing. (Gen. Stat. 1915, § 11674; *Knaggs v. Mastin,* 9 Kan. 532; *Gee v. Thrailkill,* 45 Kan. 173, 25 Pac. 588.)

Aside from this objection, the contract is one which cannot be enforced, because of the prohibition of the statute of frauds. Under that statute a contract for the sale of lands or of any interest therein is void and unenforceable if it, or some memorandum of it, is not in writing. It is likewise void if it is one not to be performed within a year. As the contract in question was oral, and there is a finding by the jury, which the court adopted, that it was not capable of performance within one year, and further that it was not the intention of the parties that it should be performed within that time, it must be deemed to be void unless it is taken out of that statute by some fact or circumstance in the case. (Gen. Stat. 1915, § 4889.) Plaintiff contends that performance of the contract on his part was sufficient to take it out of the statute. Performance by him is the equivalent of payment of the purchase price of one-half of the farm, but, under the authorities, that will not take a parol contract concerning lands out of the statute. In *Baldwin v. Squier,* 31 Kan. 283, 1 Pac. 591, there is a discussion as to what will take a parol contract for the sale of lands out of the statute, and, after stating that improvements made after the death of one of the contracting parties and without authority from his heirs would not have that effect, and also that mere constructive possession would not remove it from the operation of the statute, the court, in speaking of performance to the extent of payment of the purchase price, said:

"In reference to this the general rule is, that payment of the purchase price does not take such a contract out of the reach of the statute of frauds. (*Edwards v. Fry,* 9 Kan. 423; Fry on Specific Performance, § 403; Browne on Statute of Frauds, § 463.) This is upon the ground that the money can be recovered back by action, and so no fraud will be accomplished if the parol contract is not enforced." (p. 284.)

In *Goddard v. Donaha,* 42 Kan. 754, 22 Pac. 708, it is decided that "a parol agreement to convey land and full payment of the purchase price, will not alone operate to pass the title thereto where no possession of the land is taken under the agreement, and no memorandum thereof is in writing." (syl. ¶ 3.) In *Baldwin v. Baldwin,* 73 Kan. 39, 84 Pac. 568, it was stated that payment of the purchase price alone is not sufficient to take the case out of the statute, nor is such payment accompanied by possession enough unless the possession is open, notorious, exclusive, continuous, and obviously in pursuance of the contract. (See, also, *Baldridge v. Centgraf,* 82 Kan. 240, 108 Pac. 83.) The general rule is that every parol contract concerning lands is within the statute of frauds and perjuries and unenforceable except where the performance cannot be compensated in damages. The fact that the consideration for the contract was to be paid in services, and not in money, makes no difference in the application of the rule. If the value of the plaintiff's services may be determined and compensation made in money the case is not taken out of the statute. (*Baldwin v. Squier,* 31 Kan. 283, 1 Pac. 591.) Any dispute there might have been on that subject is settled by the answer given by the jury to special interrogatory No. 11, submitted by the court, which is as follows:

"Can Peter Engelbrecht be fairly and reasonably compensated in money for the services he rendered on the farm from the spring of 1884 to 1889? Ans. Yes."

This finding, which met the approval of the court, together with the conceded facts that there was no possession and no performance except services rendered in payment of the consideration—something which it is found can be measured and computed in money—makes it clear that the verbal contract is within the statute, and unenforceable.

The judgment must therefore stand affirmed.