No. 21,970.

CLARA KIRKLAND, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. AUTOMOBILE—*Crossing Railroad Tracks—Failure to Stop and "Look" —Contributory Negligence.* The findings of the jury set out in the opinion disclose the following facts: that two laborers riding in an automobile were engaged in a common, or joint, enterprise; that they had joint control of the automobile; that one was instructing the other concerning a route on which milk was to be delivered by the latter; that they attempted to cross a railroad track in front of an approaching passenger train which they saw, or could have seen if they had looked; that each was guilty of contributory negligence; and that the laborer doing the instructing was killed. *Held,* that his widow cannot recover damages for his death.

2. NEGLIGENCE—*Pleading—Charging Contributory Negligence.* An answer charging contributory negligence in general terms is sufficient if a motion to make definite and certain has not been filed.

3. SAME—*Injuries—Special Questions.* The answer to a certain question is attacked on a number of grounds. *Held,* that the attack cannot be sustained.

4 SAME—*Crossing Railroad Track—Contributory Negligence.* The widow of a man who is killed in a collision with a railroad train, while at-

tempting to cross the railroad track in front of the approaching train which he saw, or could have seen, if he had looked, cannot recover damages for the death of her husband.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed March 8, 1919. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*Ralph E. Page,* of Ottawa, *Emmet H. Gamble, F. M. Kennard,* and *Samuel L. Trusty,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff's husband, while riding in an automobile with a man by the name of Plank, was killed in a collision with one of the defendant's trains. The plaintiff sued for the damages sustained by her and recovered judgment for $3,000. The defendant appeals. Special findings of fact were made by the jury as follows:

INTERROGATORIES SUBMITTED BY PLAINTIFF.

"1. Does the evidence show which of the two occupants of the automobile was driving? Ans. No.

"2. Does the evidence show what caused the automobile to stop? Ans. Contact with train.

"3. Where was the automobile, with reference to the track, at the time it stopped? Ans. On track.

"4. From the time it stopped, did the automobile move on until it was struck by the train? Ans. No.

"5. At the time the automobile came to a stop where was the locomotive of the train that struck it? Ans. Right there.

"6. Was the speed of the train changed, from the time the locomotive was at the place stated in your answer to the next preceding question, until it struck the automobile? Ans. No.

"7. At the time the train struck the automobile, was it running at a speed exceeding six miles per hour? Ans. Yes.

"8. If your answer to the next preceding question is "yes," then at what rate of speed was the train moving at the time of the collision. Ans. About 20 miles.

"9. If, from the time the automobile stopped, as stated in your answer to one of the preceding questions, and up to the time the auto was struck by the locomotive, the latter had been running at a rate of speed not more than six miles per hour, would Kirkland have had time to escape being struck? Ans. No.

"10. If you find that the train was running at a rate of speed in excess of six miles per hour, then state whether such excessive speed was the proximate cause of Kirkland being struck by the train. Ans. Yes.

"11. Had Lundburg instructed Kirkland to instruct Plank as to how to operate the automobile? Ans. No.

"12. Did Kirkland's duties with respect to instructing Plank consist in acquainting Plank with the route which Plank was to travel in delivering milk to customers? Ans. Yes."

INTERROGATORIES SUBMITTED BY DEFENDANT.

"1. State the distance the train in question could have been seen approaching from the south, by a person looking for it, and standing in Ninth street, fifty feet west of the railway track. Ans. ½ to ¾ mile.

"2. State the distance the train in question could have been seen approaching from the south, by a person looking for it, and standing in Ninth street, seventy feet west of the railway track. Ans. ½ to ¾ mile.

"3. If the husband of the plaintiff had looked southward along the railway track as he approached, could he not have seen the train approaching for at least one-half mile south of Ninth street? Ans. Yes.

"4. Did the plaintiff's husband and his companion stop the machine in which they were riding, before they approached the railway track? Ans. No.

"5. Were there any obstacles along the railway right of way, south of Ninth street, which would have prevented the plaintiff's husband and his companion from seeing the approaching train? Ans. No.

"7. Did the automobile reach the railway track, or did it strike the side of the pilot of the engine? Ans. Both.

"8. After the engineer or fireman first discovered the automobile, what could they have done that would have prevented the collision? Ans. Nothing.

"9. If you find for the plaintiff, then state in what respects the defendant was negligent at the time and the place in question. Ans. We find the defendant more negligent, running at the excessive speed than the plaintiff, in not observing the ordinary precautions.

"10. Did the husband of the plaintiff and his companion try to drive across the track ahead of the approaching train? Ans. Yes.

"11. Had the engineer whistled a short time before he reached this crossing, and if so, how far back? Ans. Yes, whistling post.

"12. Had Mr. Lundberg, the employer of Plank and Kirkland, directed Kirkland to go in the automobile for the purpose of instructing Plank in his work? Ans. Yes.

"13. Was that the work on which he was engaged at the time of the accident? Ans. Yes.

"14. Was the bell on the engine ringing as it approached Ninth street? Ans. Yes."

1. The defendant moved for judgment in its favor on the special findings of the jury. The motion was denied, and judgment was rendered in favor of the plaintiff, on the general

verdict, for the amount named.   The only question presented by the defendant is that the court erred in denying its motion and in rendering judgment in favor of the plaintiff.

The defendant invokes the rule that, where two persons are engaged in a common enterprise using a conveyance for their purpose, each is responsible for the acts of the other, if they have an equal right of control.   (*Corley v. Railway Co.,* 90 Kan. 70, 74, 133 Pac. 555.)   Nothing but the findings of fact is before this court, and the judgment must stand or fall on those findings.   It is incumbent on the defendant to show that the plaintiff's husband and Plank had equal control over the automobile.   If that is shown, it is shown by the answers to questions numbered eleven and twelve, submitted by the plaintiff, and the answers to questions numbered nine, ten, and twelve, submitted by the defendant.   The findings show that the plaintiff's husband and Plank were riding in the automobile when the collision occurred; that the plaintiff's husband was instructing Plank in his work and was acquainting him with the route to be traveled by him in delivering milk for their employer; and that they tried to drive across the railroad track ahead of the approaching train, which they either saw or could have seen if they had looked.   The answer to the ninth question submitted by the defendant shows, in substance, that Kirkland was guilty of negligence in not observing the ordinary precautions, although it shows that the defendant was more negligent than Kirkland.   The findings necessarily show that the two occupants of the automobile were engaged in a common or joint, enterprise.   From the findings it must be deduced that Kirkland had the power of direction as to where the two should go.   He must have had equal, if not superior, control over the machine.   If he had that control, the plaintiff must fail in this action.

2.   The plaintiff contends that the answer did not sufficiently plead contributory negligence.   The answer alleged that if Kirkland was injured, it was through his negligence, inattention, omission, and want of care.   The answer was not attacked by a motion to require it to be made more definite and certain, but a reply was filed thereto.   The plaintiff cites a number of decisions from Missouri, where the rule is that a

general plea of contributory negligence is not sufficient; but in one of the cases thus cited, this language is found:

"It has been held that the pleader may charge general negligence or special negligence, and the former will be sufficient in the absence of a motion to make more definite and certain." (*Benjamin v. Railroad,* 245 Mo. 598, 613.)

In another case cited by the plaintiff, it was held that although the answer contained a general allegation of contributory negligence, yet the case was tried and submitted on the theory that contributory negligence was in issue. The court tried the action as if contributory negligence had been properly pleaded. (*Miller v. Engle,* 185 Mo. App. 558, 580.) In *Conrad v. DeMontcourt,* 138 Mo. 311, 325, this language is found: "A general charge of negligence is good as a basis for proof unless objected to at a proper time, before trial." In *Borden v. The Falk Co.,* 97 Mo. App. 566, 570, it was held that a general charge of contributory negligence was a sufficient basis for the introduction of evidence where no objection was taken thereto, before the trial. The rule followed in Missouri is adhered to in other states. (29 Cyc. 582.)

In this state, it has been held that a general allegation of negligence is subject to a motion to make more definite and certain. (*A. T. & S. F. Rld. Co. v. O'Neill,* 49 Kan. 367, 30 Pac. 470; *St. L. & S. F. Rly. Co. v. French,* 56 Kan. 584, 44 Pac. 12.) If such a motion is not made, a petition charging negligence in general terms is good as against a demurrer. (*Neosho County v. Spearman,* 89 Kan. 106, 130 Pac. 677.) In *Price v. Water Co.,* 58 Kan. 551, 558, 50 Pac. 450, this court said that the rule is the same in the case of an answer as it is in the case of a petition charging negligence. The contention of the plaintiff is not tenable.

3. The plaintiff urges that the answer to the ninth question submitted by the defendant did not show that Kirkland was guilty of contributory negligence, and argues that the negligence of the *plaintiff,* Clara Kirkland, was not pleaded nor proven; that if the finding referred to Kirkland, it was not supported by evidence; that the jury did not say that the proximate cause of the injury to Kirkland was his negligence; that the character of "the ordinary precautions" was not disclosed, and the defendant did not ask that the an-

swer be made more specific; and that the finding was not responsive to the question asked. Each proposition argued will be briefly noticed. The word *plaintiff*, in the finding, must, of necessity, refer to Kirkland. The finding was supported by evidence, and other facts were found by the jury which sufficiently established his negligence, even if the ninth question had not been submitted nor answered. The finding, when considered with the other findings mentioned, shows conclusively that Kirkland's negligence was a proximate cause of the accident. "The ordinary precautions" observed by a person about to cross a railroad track are well known. The expression includes looking, listening, and, if necessary, stopping and waiting until an approaching train has passed. The finding was not necessarily a mere conclusion, although it might have been made more specific. When it is considered with the other findings, it does become specific, and this court knows therefrom exactly what Kirkland did. The answer is not directly responsive to the question, but it cannot be said that it is wholly irresponsive. It would have been proper for either party to request the court to require the jury to make the answer more direct and specific, but the answers to other questions make its meaning clear. The plaintiff's several arguments concerning the answer are not good.

4. The plaintiff contends that "Mere error of judgment as to the speed at which a train is approaching a crossing is not negligence as a matter of law." The plaintiff seeks to invoke the rule of law applicable to those about to cross a street railroad. That rule does not apply to steam railroads. Street railroads are found in centers of population where the cars run on and across streets as a part of the regular traffic. If a person who desires to cross a street-car track, were compelled to wait until all approaching street cars had passed, he could not, in many cities, cross the track, for the reason that cars are nearly always approaching. That is not true of steam railroads. Railroad trains are not always in sight, and, so far as it is possible, traffic is excluded from the streets on which they run. This court has often said that a person about to cross a railroad track must use his senses, and if he does not, and by reason thereof injury results to him from a moving train, he

cannot recover from the company even if the company was negligent.

The plaintiff must fail on account of the contributory negligence of Kirkland in attempting to cross a railroad track, in front of an approaching train which he saw, or could have seen, if he had looked. (*Jacobs v. Railway Co.*, 97 Kan. 247, 252, 154 Pac. 1023.)

The judgment is reversed, and the cause is remanded with directions to render judgment for the defendant.