No. 24,064.

DAVID A. MCCROSKEY, *Appellee*, v. THE PROCTOR & GAMBLE MANU-FACTURING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Written Release by Workman—Petition to Set Aside Release on Ground of Mutual Mistake—Petition Not Demurrable.* A petition by an injured workman for cancellation of a written release of his employer from liability, alleged to have been executed under a mutual mistake of fact, examined, and held sufficient against a demurrer on the ground recitals of the release control allegations of the petition, on the ground conclusions are stated instead of facts, and on the ground sufficient facts to constitute a cause of action are not stated.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCH-INGS, judge. Opinion filed December 9, 1922. Affirmed.

*Arthur J. Stanley, Guy E. Stanley,* both of Kansas City, *R. R. Brewster,* and *W. B. Bostian,* both of Kansas City, Mo., for the appellant.

*Charles O. Littick,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation. The plaintiff had settled with the defendant, and had given a release. It was alleged the release was given under a mutual mistake of fact, and a part of the relief prayed for was that the release be canceled. A demurrer to the petition was overruled, and the defendant appeals.

The portion of the petition against which the demurrer was directed reads as follows:

"Plaintiff further states that at the time of the execution of said release, there was a mutual mistake of fact made by the plaintiff and defendant as to the real character and extent of plaintiff's existing injuries; that said right foot was bruised, mashed, mutilated, and lacerated, and the skin, flesh, muscles, tendons and ligaments thereof, and also fractured, broke and injured

some of the bones of said right foot, and that said injured foot at said time showed superficial indications of healing, and said plaintiff and defendant were mutually mistaken and did not believe plaintiff's injuries were of a serious and permanent character; that by reason of the presence and indications of superficial and temporary healing of said injuries, the plaintiff and defendant believed the plaintiff's existing injuries at that time were of a minor and insignificant nature, and he would be able to go to work shortly thereafter, and the defendant therefore paid the plaintiff accordingly; plaintiff further states that his injuries were at the time of the execution of said release of a serious, permanent, and lasting nature, and that the consideration paid plaintiff by the defendant was grossly inadequate."

It is said recitals of the release control allegations of the petition. The release contains the following statement:

"I further state that no false statements of any kind were made to me and no inducements held out to me, and I rely on no statements whatever in making this release, and especially state that I do not rely on any statements made to me by any physician or surgeon concerning my condition."

This statement is perfectly compatible with mutual mistake respecting the plaintiff's physical condition at the time the statement was made and at the time the release was executed.

Appended to the release is the following statement, signed by two persons other than the plaintiff:

"We hereby certify that the above and foregoing agreement was read to David A. McCroskey in our presence, and that he signed it in our presence, and he stated in our presence that he understood the conditions of said agreement and the statements contained therein."

This statement refers to conditions of a written instrument, and not to physical condition of the plaintiff's foot, and so does not contradict the petition.

It is said mutual mistake is not sufficiently pleaded because conclusions of fact are stated instead of facts warranting the conclusions, and because the petition is not extended to embrace certain allegations which the defendant deems material. It is not necessary to reproduce here the defendant's analysis of the pleading.

In this state a pleading is regarded according to its true purpose of fairly apprising the adversary of what the claim will be. Even as against a motion to make definite and certain, a pleading will be deemed sufficient which renders the nature of the charge apparent. (*Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590.) In the absence of a motion to make definite and certain, a petition will be liberally construed when attacked by demurrer. (*Balmer v. Long*, 104 Kan. 408, 179 Pac. 371.) Mere generality of state-

ment will not render a pleading demurrable. (*Gano v. Cunningham*, 88 Kan. 300, 128 Pac. 372.) While general allegations of fraud and illegality and statements of legal conclusions are insufficient, statements of conclusions of fact are good as against a demurrer. (*Gano v. Cunningham*, 88 Kan. 300, 128 Pac. 372; *Neosho County v. Spearman*, 89 Kan. 106, 130 Pac. 677; *Kirkland v. Railway Co.*, 104 Kan. 388, 179 Pac. 362.)

Tested by the foregoing rules, the petition clearly states a cause of action for cancellation on the ground of mutual mistake of fact. The mistake relates to the true character and extent of the plaintiff's injury. The injury is fully described. At the time the release was executed there were superficial indications of healing. The plaintiff and the defendant believed the injury to be of a minor and insignificant nature, and believed the plaintiff would soon be able to resume work. The defendant paid the plaintiff accordingly. The injury was in fact of a serious and permanent character, and the consideration for the release was grossly inadequate.

The judgment of the district court is affirmed.