No. 35,325

George F. Munger, *Appellant*, v. E. R. Beiderwell, *Appellee.*

(124 P. 2d 452)

Opinion filed April 11, 1942.

*N. J. Ward,* of Belleville, was on the briefs for appellant.

*Frank C. Baldwin,* of Concordia, argued the cause, and *Charles L. Hunt,* of Concordia, and *R. E. McTaggart,* of Belleville, were on the briefs for appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action by a landlord against his tenant to recover damages for the destruction of a barn by fire. The trial court sustained defendant's motion to strike certain portions of the seventh amended petition, and from that ruling plaintiff appeals.

Some of the same or similar allegations had been stricken from former petitions in response to other motions. No appeals were taken from such rulings, but we shall pass the effect of such rulings and the failure to appeal therefrom. Nor do we deem it necessary for present purposes to set forth the averments contained in the various petitions which were previously attacked by motions or demurrer. A demurrer had been sustained to the second amended petition and that ruling involved some of the same questions presented now. These facts all disclose a consistent effort on the part of appellee to compel appellant to state a cause of action, or causes of action, in concise language, without pleading conclusions, and to obtain a definite conception of the theory, or theories, upon which appellant sought to recover damages.

In response to the motion leveled against the seventh amended petition the trial court struck general allegations of negligence contained in various paragraphs of that petition. The ruling did not constitute error. General allegations of negligence are sufficient as against a demurrer when not challenged by motion to make definite

and certain, but they are not sufficient when previously so challenged. (*A. T. & S. F. Rld. Co. v. O'Neill*, 49 Kan. 367, 30 Pac. 470; *St. L. & S. F. Rly. Co. v. French*, 56 Kan. 584, 44 Pac. 12; *Neosho County v. Spearman*, 89 Kan. 106, 130 Pac. 677; *Kirkland v. Railway Co.*, 104 Kan. 388, 179 Pac. 362.) The same rule applies with equal force to general allegations of contributory negligence. (*Price v. Water Co.*, 58 Kan. 551, 558, 50 Pac. 450; *Kirkland v. Railway Co.*, supra, p. 392.)

The last motion to strike, now under consideration, was based upon various grounds. The motion was sustained in its entirety. It was leveled against various paragraphs of the petition, some of which paragraphs were denominated by plaintiff as "counts." The principal complaint of appellee, in addition to the fact that the petition again contained various naked conclusions, was that it was impossible to ascertain even from the last petition the specific charge, or charges, of negligence with which he would be confronted on the trial and that it would be wholly impossible for him to intelligently prepare for trial. The trial court was impressed with defendant's contention and we think rightly so. It is impossible to ascertain, from the stricken portions of the petition, whether appellant would contend the fire was started by the negligence of appellee or some unknown third person or in what manner it would be claimed the fire had been negligently started by anyone. In view of the nature of the allegations it was also impossible to determine whether appellant claimed the fire was started negligently or intentionally by appellee or some third party. It was also impossible to ascertain whether it would be claimed some third party actually started the fire or whether he merely contributed to the starting thereof in some unalleged manner. It was also impossible to determine whether plaintiff would claim defendant's negligence consisted in starting the fire or in failing to discover it in time and extinguishing it or in failing to give notice of the fire to others in time to have it placed under control.

The pertinent portion of G. S. 1935, 60-704, provides:

"The petition must contain; . . .

. . . . . . . . . . .

"*Second:* A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

In the early case of *Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619, it was held:

"The plaintiff must frame his petition upon a distinct and definite theory,

and upon that theory the facts alleged must state a good cause of action. If the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient." (Syl. ¶ 1.)

To the same effect are *Davis v. Union State Bank,* 137 Kan. 264, 20 P. 2d 508; *Scherger v. Union National Bank,* 138 Kan. 239, 245, 25 P. 2d 588; *Lofland v. Croman,* 152 Kan. 312, 317, 103 P. 2d 772, and numerous other cases which might be cited.

Appellant urges he has the right to set up as many causes of action as he desires and that his various causes of action were pleaded in separate counts. Assuming, for the moment, the respective causes of action were actually pleaded in separate counts, appellant was, nevertheless, obliged to plead the substantive facts concerning the negligence upon which he relied. He could not plead such negligence in general terms when properly and timely challenged by motion. In the instant case motions repeatedly had been leveled against the averment of negligence in general terms. Moreover, the last petition, as well as former petitions, disclosed a studied effort to avoid a separate stating of the respective alleged causes of action. Appellant studiously linked the so-called separate counts with other general allegations of negligence in such a manner as to commingle all theories of recovery as effectually as though all such theories had been pleaded by general averments of negligence in a single cause of action. To allow such procedure would permit the pleader to do indirectly what he is forbidden to do directly. The result, if permitted, would be that defendant would be left completely in the dark as to the particular theory of recovery, if any, upon which appellant may actually rely. Such a petition does not conform with the purpose and intent of the provisions of our code as interpreted by the repeated decisions of this court.

Appellant urges it is never necessary to narrate the evidence but only to plead the substantive facts. True, but general charges of negligence do not constitute the pleading of substantive facts.

Appellant urges he is obliged to rely upon circumstantial evidence and that a verdict may be returned upon circumstantial evidence which fairly justifies the inference of negligence. For the present we are not concerned with evidence but with pleadings. While it is true that circumstantial evidence, if sufficient, will support a verdict it is, nevertheless, necessary that the petition plead some definite and distinct theory of negligence which the pleader hopes to establish by circumstantial evidence.

Appellant also contends he was not present and does not know what caused the fire but that defendant was present and knew, or should have known, the cause of the fire and that the petition is sufficient under the doctrine of *res ipsa loquitur*. In support of the contention he relies upon *Mayes v. Kansas City Power Co.*, 121 Kan. 648, 249 Pac. 599, *Yerkes v. Kansas Pipe Line & Gas Co.*, 133 Kan. 429, 1 P. 2d 271, and other similar cases. They are not in point and do not support appellant's contention. It may be conceded the circumstances under which a fire occurs may sometimes be such as to justify the application of the doctrine of *res ipsa loquitur* and thus impose upon the defendant the burden of proving his freedom from fault. (See 11 R. C. L., p. 956.) No such facts or circumstances were alleged here. The doctrine of *res ipsa loquitur* was not involved and no question of proper pleading was presented in the Yerkes case, *supra*. That case was properly submitted upon the theory of circumstantial evidence of defendant's negligence in the use of specific instrumentalities, to wit, acetylene torches. In the Mayes case, *supra*, plaintiff was injured by the falling of a globe from one of defendant's street lights and the doctrine of *res ipsa loquitur* was held applicable under the circumstances of the case. In the instant case no instrumentality of any kind or character was alleged to have been employed by anyone which could justify the application of the doctrine.

That portion of the petition which charged defendant with intentionally starting the fire was not stricken. With respect to the charges of negligence the petition presented a complete confusion of theories. Motions to strike rest in the sound discretion of the trial court and from the rulings thereon an appeal ordinarily does not lie. (*Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469; *Hasty v. Bays*, 145 Kan. 463, 66 P. 2d 265.) Assuming, however, that the ruling of the trial court is properly here for review, we cannot say the trial court abused its discretion in finally sustaining the motion to strike the averments pertaining to negligence. In fact, it affirmatively appears sound judicial discretion was not abused but was properly exercised. On the other hand, reversible error was not committed if the motion to strike be regarded as tantamount to a demurrer. The reason is, ultimate facts were not stated which constituted a cause of action upon any definite and distinct theory. The ruling of the trial court is affirmed.

Hoch, J., not participating.